## SUPREME COURT.

MILTON W. SKIFF, appellant, agt. AZARIAH B. STEWART, NATHAN P. EATON, and MATTHEW F. SHERMAN, respondents.

The seizure of a debtor's property before the creditor has secured the establishment of his rights by a judgment, is a *harsh proceeding.* And to warrant an *attachment* for that purpose, a *plain case* should be made out; especially as the *ex parte* affidavit of the plaintiff is sufficient to support it. And if the affidavit fails to do that the attachment should be denied.

It is the duty of courts of justice, if the provisions of the law are to be respected and maintained, to resist the seemingly growing disposition to make applications for attachments, as well as for other provisional remedies, upon very imperfect proofs.

The Code requires that the affidavit for an attachment shall not only specify the *amount* of the claim, but also the *grounds thereof.* It is only when this is done that the officer applied to is authorized to issue the attachment.

The affidavit in this case, stated that the debt upon which the application for an attachment was founded; was for money paid out and advanced by the plaintiff within the preceding five years, amounting to the sum of twenty thousand dollars for the use and benefit of the defendants:

*Held,* that this statement was not sufficient to constitute a right of action against the defendants, without the statement of the further fact that it was done at the defendants' request. The statement that the amount mentioned was due and unpaid to the plaintiff from the defendants does not help the case; for that is the conclusion of the plaintiff only, from the facts previously set forth, and not the statement of any additional fact or circumstance.

It can only appear from the affidavit that a cause of action exists, when the facts and circumstances out of which it arose, are so far set forth as *legally* to warrant and sustain that conclusion.

The statement contained in the affidavit in support of the plaintiff's conclusion that the defendants were about to assign or dispose of their property, with intent to defraud their creditors, *held,* to be, like the other portion of the affidavit, exceedingly loose and unsatisfactory.

It was that one of the defendants lately informed the plaintiff, ' that he intended to leave this state and go to the state of Georgia; that he should dispose of the property of the said partnership if he could find any one to take it; and any creditor who did not know enough to take care of himself, must get what he could :" *Held,* that in order to authenticate this statement as the ground for an attachment it should have been stated with more particularity, the *name* of the defendant making the statement, and the *time and place* when it was made, should have beed stated. The order of the special term setting aside the attachment affirmed.

*Erie General Term, November,* 1866.

*Present,* MARVIN, DANIELS, GROVER *and* DAVIS, *Justices.*

APPEAL from order of special term, setting aside attachment.

E. E. HARDING, *for appellant.*

F. C. PECK, *for respondents.*

DANIELS, J.—The application for the attachment was made upon the ground that the defendants were about to assign or dispose of their property, with intent to defraud their creditors. And the questions arising upon the affidavit of the plaintiff, which was presented in support of that application, are those of fact rather than of law. The debt upon which the application was founded, was stated to be for money paid out and advanced by the plaintiff, within the preceding five years, amounting to the sum of twenty thousand dollars, for the use and benefit of the defendants. There is nothing, whatever, in the affidavit showing, or in any manner tending to show, that the moneys were paid out, either wholly or partially, at the request of the defendants, or either of them. Neither does it appear that they have at any time, in any manner, recognized or acknowledged their liability, or promised payment of the debt or any part of it.

The Code allows an attachment to be issued in a case of this description, only when it shall appear by affidavit that a cause of action exists against the defendant or defendants in the action, (*Code,* § 229,) which in this case the plaintiff has failed to comply with. For even, though, it be conceded that he did as he states, at different times pay out and advance these moneys for the use and benefit of the defendants, that would not be sufficient to constitute a right of action against them, without the further fact that it was done at the defendant's request. The statement that the amount mentioned was due and unpaid to the

plaintiff from the defendants, does not help the case. For that is the conclusion of the plaintiff, only, from the facts previously set forth, and not the statement of any additional facts or circumstances. If all the facts set forth in the affidavit are true, they would not be sufficient to warrant a recovery of the money claimed against the defendants. It can only appear from the affidavit that a cause of action exists, when the facts and circumstances out of which it arose, are so far set forth as legally to warrant and sustain that conclusion. And that it is the theory of the section of the Code referred to already, because it requires that the affidavit shall not only specify the amount of the claim, but also, the grounds thereof. It is only when that is done that the officer applied to, is authorized to issue the attachment.

The statement contained in the affidavit, which it is claimed supports the plaintiff's conclusion that the defendants were about to assign or dispose of their property with the intent to defraud their creditors, is like the preceding portion of it, exceedingly loose and unsatisfactory. It is that one of the defendants informed the plaintiff, " that he intended to leave this state and go to the state of Georgia, that he should dispose of the property of the said partnership if he could find any one to take it. And any creditor who did not know enough to take care of himself, must get what he could." Neither the time, nor place, nor the individual who made this statement, is mentioned in the affidavit. The only allusion contained in it on that subject is that it was "lately." This statement indicated a disposition on the part of the person making it to defraud. It substantially placed the creditors at defiance, and referred them to their legal proceedings as the only possible means of securing the payment of their debts. But in order to properly authenticate it, as the grounds of an attachment, it should have been stated with more particularity. The name of the defendant making the statement, and the time

and place where it was made, should have been stated. For in no other manner, can the defendants be furnished with any satisfactory or reliable means of meeting or controverting it. The seizure of the debtor's property before the creditor has secured the establishment of his rights by a judgment, is a harsh proceeding. And to warrant it a plain case, should be made out, particularly as the *ex parte* affidavit of the plaintiff, is sufficient to support it. And if the affidavit fails to do that, the attachment should be denied. There seems to be a growing disposition to make applications for attachments, as well as for other provisional remedies, upon very imperfect proofs. There is no justification for this in the very liberal system of practice adopted by the Code, and it is the duty of courts of justice to resist it, if the provisions of the law are to be respected and maintained. The order of the special term should be affirmed.

MARVIN & DAVIS, concurred.

GROVER, dissents.