Masten, J.
This is a motion for an order directing satisfaction of the judgment in this case to be entered of record.
The motion is made upon the judgment record, and upon affidavits.
From the view I take of the case it is sufficient to state, that it appears from the judgment roll that the action was commenced on December 1, 1869: that the complaint was upon a bond made by the defendants to the plaintiff, bearing date and delivered on January 25, A. D. 1853, Conditioned for the payment of five thousand dollars, with annual interest: that the plaintiff demanded judgment for ten thousand two hundred and twenty-three dollars and eighty-nine cents: that on January 22, 1870, an offer was served upon the plaintiff, allowing him to “ take judgment for the sum of seven thousand dollars, and interest on five thousand dollars from this date to date of judgment, together with costs;” and that the offer was. accepted, and on January 27, 1870, judgment was entered in favor of the plaintiff against the defendants for seven thousand and twenty-two dollars and eighty-two cents. The words gold, silver, or coin, are not in the record.
From the affidavits it appears, that since the recovery of said judgment, and prior to the notice of this motion, the defendants tendered to the plaintiff the amount of said judgment and interest, in United States notes, commonly called legal tender notes ; which the plaintiff refused to accept in payment, claiming that he was em *434 titled to gold or silver coin. All the questions of law involved in the decision of this motion have undergone judicial consideration.
The court of appeals of this State, by whose decision, except so far as it has been modified by the supreme court of the United States, I am bound, has determined, that the acts of Congress of 1862 and 1863, which made certain United States notes a legal tender in payment of debts, are constitutional and valid, and embrace debts contracted as well before as subsequent to the passage of those acts, even though by their express terms they are payable in coin (Meyer v. Roosevelt, 27 N. Y., 400; Rodes v. Bronson, 34 Id., 649).
The supreme court of the United States has modified the decision of the court of appeals of this State, in two particulars : First. That' the legal tender acts of 1862 and 1863 do not embrace coñtracts which by their express terms are payable in coin. Second. That contracts for the payment of money, made before those acts, had reference to coined money, and could not be discharged, unless by consent, otherwise than by tender of the sum due in coin. That every such contract was, in legal import, a contract for the payment of coin. And that therefore those acts, so far as they make United States notes a legal tender in payment of debts contracted before their passage, are unwarranted by the constitution of the United States, and that to that extent at least are unconstitutional and void (Bronson v. Rodes, 7 Wall., 229; Butler v. Horwitz, Id., 258; Hepburn v. Griswold, 8 Id., 603). The contract, therefore, upon which the judgment in this action was recovered, could only be discharged by tender of coin. But it is contended that the contract is merged in the judgment, and that the term “dollars” in the judgment means the money described in the legal tender acts of 1862 and 1863.
At a special term of supreme court held in this city, in June, 1870, by Justice Daniels, application was *435 made for judgment in the case of Smith v. Peabody. It was an action of foreclosure, and the defendants had made default. The complaint alleged, that the instrument counted on, was made, delivered, and bore dote on a certain day, naming it (and which was prior to 1803), and specified the amount in dollars and cents due upon it, -without further specifying in what description of money payment was to be made, or judgment would be demanded. Justice Daniels refused to order judgment for coined dollars, holding that to entitle the plaintiff to a judgment for coined dollars, he must demand it in his complaint; that a judgment for so many dollars generally, could be satisfied with legal tender notes; and that to order a judgment for coined dollars, would be to grant relief to the plaintiff exceeding that demanded in his complaint.*
At a special term of the supreme court held in March, 1870, upon a-motion to amend a judgment of foreclosure and sale, entered in January, 1870, upon a mortgage made in 1860, by directing payment in gold, Judge Dwight denied the motion, holding that the error in the judgment, if any, could not be corrected on motion ; that “ there was no ambiguity in the terms of the decree.” That ‘‘the term “dollars” there used, meant only dollars in the present legal tender currency of the United States ” (Lillie v. Sherman, 39 How. Pr., 387).
Notwithstanding my respect for these able jurists, I am constrained to dissent from these rulings, in part at least. I think that the legal import of the term “dollars ” in both of those cases, was coined dollars.
At the time the bond in the case before me was made and delivered, there was but one description of money that was a legal tender in payment.
At the time the judgment upon it was rendered, and at the time the tender under consideration was ma le, there were two descriptions of money authorized by law.
“The statute denomination of both descriptions was dollars ; but they were essentially unlike in nature.”-
*436 The one description was a legal tender in payment of debts and obligations of every kind ; the other was a legal tender in payment, only, of certain debts and obligations, to wit, those contracted subsequent to the passage of the legal tender act of February 25, 1862, which were not by their express terms payable in coin.
The teim “dollars,” therefore, has, ever since the passage of the legal tender act of 1862, been ambiguous-
It may mean dollars of either description of money, to be determined by the circumstances under, or the connection in which, it is used. In the complaint in this action, wherever it occurs, it means coined dollars.
It means that description of money which is a legal tender in payment of the debt described and averred in the complaint to be due to the plaintiff,—that description of money, to which by the contract set out he was entitled. He counted upon a bond, which he described as bearing date the 25th day of January, 1853, and averred that it was made and delivered on that day.
These are material allegations confessed by the defendants, and established by the judgment. In personal actions, the time when an act is alleged to have been done, is generally not material; but when stated by way of description of a written instrument it is material.
The term “dollars” in the judgment means coined dollars. The judgment is founded upon the complaint, and the cause of action therein alleged. The complaint and the judgment support each other, and are both entered of record.
We have seen that it is established by the supreme court of the United States, that the simple term “dollars,” in a contract for the payment of money made prior to the legal tender act of 1882, means in law coined dollars, and that coin is the only legal tender in payment.
Now, I am unable to understand how a plaintiff counting upon such a contract, and alleging that there *437 are a certain number of dollars due to him upon if, for which he demands judgment, can be said to use the term “dollars,” in the demand for judgment, in a different sense from its legal import as used in the statement of his cause of action, or how the court, in ordering judgment for a certain number of dollars upon the cause of action alleged in the complaint, can be said, by the use of the same term, “dollars,” not to mean the dollars described in the statement of the cause of action, and in which the debt was by law payable, but to mean depreciated dollars of a different description of money, and which the plaintiff was not bound to accept in payment. It is to give to the term, in the statement, in the fore part of the record, of the contract sued on, one meaning, and an entirely different meaning, in the subsequent parts of the record, which have reference to the cause of action stated.
Having ascertained the definite legal import of the term in the fore part of the record, the presumption, unless there is something showing the contrary, is, that it is used in the same sense in the subsequent parts of the record.
Damages for the non-performance of a contract for the payment of money, must be assessed in the description of money which is a legal tender in payment.
To render judgment upon a contract payable in coin, for the amount due in coin, and the premium of the coin over legal tender notes, is erroneous (Butler v. Horwitz, supra). Error is to be affirmatively shown. It must, therefore, be presumed, and such was the fact in this case, that the judgment is for the number of dollars and parts of dollars due upon the contract, of the description of money in which it was payable.
When the record does not show that the contract sued upon was payable in coin, the term “dollars” in it would mean dollars authorized by the acts of 1862 and 1863.
*438 In such case, to make the judgment payable in coin, it would have to be entered for coin.
It was said, that the contract wras merged in the judgment. That, for certain pnrpos >s, .is doubtless so, but not for the purpose of determining how the judgment may be enforced.
It was said, that the supreme court of the" United States ruled in the cases above cited, that judgments may be entered for coin, and if not so entered, may be paid with legal tender notes. I do not so understand those cases. Chief Justice Chase, in delivering the opinion of the court, said: “There being’ two descriptions of money sanctioned by law, both expressed in dollars, and both made current in payments, in order to avoid ambiguity and prevent a failure of justice, when contracts payable in coin are Sued upon, judgments maybe entered for coined dollars and parts of dollars.” This was suggested as a method to avoid ambiguity, and the failure of justice that might otherwise follow, and does not exclude other methods.
I have endeavored to .show that the ambiguous term “dollars” maybe rendered definite and certain by the connection in which it is used,- without the aid of the words coined, gold, &c., and that in the record in this case it clearly means coined dollars.
It was said, that the execution must follow the judgment, and that nothing would appear on the face of the execution to show that coined dollars must be collected, and consequently the defendants could pay the sheriff in legal tender notes. If I am correct in the construction I have given to the terms of the judgment, the execution could command the collection of coined dollars, without departing from the legal import of the judgment.
The motion must be denied.