# SUPREME COURT.

## EDWARD REILLY agt. GEORGE H. SISSON.

*Attachment — When it should be vacated because of the insufficiency of the
affidavit upon which it was granted.*

Upon the application of the plaintiff an attachment was issued against the
property of the defendant upon an affidavit made by the plaintiff, in
which it was alleged that defendant was indebted to him in the sum
of $6,000, over and above all counter-claims, for damages for a breach of
a contract, express or implied, and that such indebtedness arises upon
the following facts: That at sundry times since April 1, 1883, up to and
including this date, November 5, 1883 (upon which day the attachment
was granted), the plaintiff, at the special instance and request of the
defendant, loaned and advanced to him sums of money, amounting in
all to the sum of $6,000, which he promised and agreed to repay, but
no part of which has been repaid:

*Held*, that the affidavit was insufficient; that if the affidavit is true a por-
tion of the loan was made the day the attachment was issued, and
therefore no proof of contract was shown and the attachment should
be vacated.

*At Chambers, December*, 1883.

MOTION to vacate an attachment against the property of the
defendant as a non-resident debtor.

The plaintiff in his affidavit on which the attachment was
granted alleges that the defendant was indebted to him in the
just and full sum of $6,000, over and above all counter-claims,
for damages for a breach of a contract, express or implied,
other than a contract to marry, and that such indebtedness
arises upon the facts stated ; and the facts are these : That at
sundry times since April 1, 1883, up to and including this
date, namely, the 5th day of November, 1883, upon which
day the attachment was granted, the plaintiff, at the special
instance and request of the defendant, loaned and advanced to
him sums of money, amounting in all to the sum of $6,000,
which he promised and agreed to repay, but no part of which
has been repaid.

*Morris Goodhart,* for plaintiff.

*Stern & Myers,* for defendant, for the purpose of this motion only.

LAWRENCE, *J.* — The affidavit on which this attachment was issued seems to me to be subject to the criticism which was made by the general term of this department upon the affidavit in *Smith* agt. *Davis* (29 *Hun,* 306) ; see, also, *Pomeroy* agt. *Ricketts* (28 *Hun,* 308). Again, if the affidavit is true a portion of the loan was made on the day the attachment was issued. Therefore I do not think that a breach of the alleged contract was shown (*See my opinion in Smadbeck* agt. *Sisson, ante,* 220.) See, also, generally as to the particularity required in stating the plaintiff's claim on an application for an attachment, *Skiff* agt. *Stewart* (39 *How. Pr.,* 385) ; *Ruppert* agt. *Haug* (87 *N. Y.,* 141).

The motion to vacate the attachment will be granted, with ten dollars costs.