# THE

# New York Supplement.

## VOLUME XII.

---

HAULENBECK *et al. v.* COENEN *et al.*

(*City Court of New York, General Term.* December 24, 1890.)

ATTACHMENT—AFFIDAVIT.

Under Code Civil Proc. N. Y. § 3169, subd. 5, permitting attachment in actions brought in the city court of New York where defendant has removed, or is about to remove, property from the city of New York with intent to defraud his crditors, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property with like intent, an attachment is not sustained by an affidavit showing that one of defendants said that defendants "thought" they would have to turn over their business, that creditors might be "left," and that they would have to protect themselves.

Appeal from special term.

Action by John W. Haulenbeck and others against Gerhard Coenen and others in which an attachment was issued against the property of defendants, who now appeal from an order denying their motion to vacate such attachment.

Argued before McADAM, C. J., and EHRLICH and VAN WYCK, JJ.

*L. Ruser,* for appellants. *J. M. McGee,* for respondents.

PER CURIAM. The attachment is founded on subdivision 5 of section 3169 of the Code, which permits of that remedy "where the defendant has removed, or is about to remove, property from that city [New York] with intent to defraud his creditors, or that he has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property with the like intent." The affidavit shows that one of the defendants (which, does not appear) said the defendants could not pay anything, that they thought they would have to turn over their business to a friend down town, and all creditors would get left; that one Freece, who had obtained judgment, would get nothing; that, when they were sued, it ruined their credit, and now they would have to protect themselves. The proofs are insufficient. The fact that one of the defendants said the defendants thought they would have to turn over their business, that creditors might be left, and that they would have to protect themselves, does not prove that the defendants intended to transfer their property to cheat and defraud creditors. *Skiff* v. *Stewart,* 39 How. Pr. 385. It may lead to the inference that the defendants intended something wrong, but this does not affirmatively prove fraud, which must be proved, and cannot be presumed. See *Stringfield* v. *Fields,* 13 Daly, 171. It does not appear what the defendants' property consisted of, nor what it was worth, nor

V.12N.Y.S.no.1—1

that anything was done to the injury of the plaintiffs. It follows that the order appealed from must be reversed, with costs to abide the event of the action.