TROW'S PRINTING AND BOOKBINDING COMPANY, Appellant, *v.* JAMES W. HART. NELSON SHERWOOD, Respondent.

The provision of the Code of Civil Procedure (§ 682) authorizing persons who have acquired subsequent liens upon or interest in attached property to move to set aside the attachment is not limited to those who have acquired liens or interests by proceedings *in invitum* against the defendant in the attachment; it includes as well one who claims under a voluntary transfer from such defendant.

The motion may be made by one who has acquired a lien or interest in a part only of the attached property.

The relief in such case will be limited to vacating the attachment as to such part.

Where the affidavits of the moving party are confined simply to showing his right to move, and excusing any delay, the plaintiff is not entitled to read affidavits in support of the attachment.

(Argued May 31, 1881 ; decided June 14, 1881.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made December 6, 1880, which affirmed an order of Special Term vacating an attachment herein. The attachment was levied upon certain real estate.

The motion to vacate was made by Nelson Sherwood, upon the papers upon which the attachment was granted and upon his affidavit showing that after the levy, but before judgment, defendant conveyed to him a part of the lands levied upon, he taking title without knowledge of the levy. Reasons were also assigned for delay in making the motion.

*Raphael J. Moses, Jr.,* for appellant. Under section 682 of the Code the words " acquired a lien upon or interest in the property attached," refer to attachment liens and judgment liens ; persons are not bound by the *lis pendens,* who acquire their right against the defendant, not under or through him. (Note to § 682 ; §§ 1284, sub. 2, 1288 ; §§ 1247, 1450 ; *Rogers* v. *Conner,* 45 N. Y. 388 ; *Lamont* v. *Chestine,* 65 id.) The motion is made too late after the attached property, or any part of it, is sold and applied to the payment of the judgment.

(§§ 687, 1283.) The " lien acquired upon or interest in his property after it was attached," necessarily refers to the whole property attached, not merely to a part. (*Royal Ins. Co.* v. *Noble,* 5 Abb. [N. S.] 54; §§ 687, 688, 1458, 1459.)

*I. T. Williams* for respondent. It is competent for Sherwood to make this motion. (Note to § 682, New Code.)

ANDREWS, J. Sherwood acquired, by his conveyance from Hart, an interest in the land attached, and was, therefore, entitled to move to vacate the attachment, under section 682 of the Code. The right of third persons to move, is not confined to persons who have acquired liens or interests, by proceedings *in invitum,* against the defendant in the attachment. The language of the section, does not admit of this limitation; nor does there seem to be any reason why a person who has acquired an interest by voluntary transfer from the defendant, should not be permitted to stand in his place, in respect to the right to question the validity of an attachment.

The objection that the motion cannot be made by a person who has acquired an interest in part only, of the attached property, is not tenable. The relief in such case, will be limited to vacating the attachment as to such part. The plaintiff in the attachment cannot complain, because the attachment is not set aside *in toto.* It is true, he may be subjected to similar applications in behalf of other parties who may have acquired distinct interests, but this is not a legal ground for denying the remedy.

The plaintiff was not entitled to read affidavits in support of the attachment other than those on which it issued. The affidavit of Sherwood was confined to the purpose of showing his right to move, and of excusing his delay. It did not controvert or avoid any fact stated in the papers upon which the attachment was granted, and did not bear upon the merits. (*Steuben Co. Bank* v. *Alberger,* 75 N. Y. 179.)

The order should be affirmed.

All concur, except FOLGER, Ch. J., absent.

Order affirmed.