JACOB RUPPERT, Appellant, *v.* CHRISTIAN F. HAUG, Respondent.

An averment in an affidavit for an attachment, that "the defendant is indebted to the plaintiff in a sum stated," and that the latter "is justly entitled to recover said sum," is not a compliance with the requirement of the Code of Civil Procedure (§ 636) that plaintiff must show by affidavit that he "is entitled to recover a sum stated therein, *over and above all counter-claims known to him;*" and when the requirement is only met by the averments stated, the affidavit is insufficient to give the judge jurisdiction to grant the warrant.

An application to vacate an attachment, when made to the court at Special Term, need not be made before the judge who granted the writ; the Code (§ 683) only requires it to be so made when made to a judge.

An affidavit upon which an application was based to vacate an attachment averred the issuing of the writ, and that the property of the defendant

was attached thereunder; that subsequently two judgments in favor of the applicants were recovered against the defendant, executions issued thereon and " levied upon the property of said defendant." Also, " that the lien of the executions is subsequent to that of the attachment." *Held*, that the affidavit was sufficient to give the moving parties a standing in court ; that no other inference would be drawn therefrom than that the attachment and executions were levied upon the same property, and that the lien of the executions was acquired after the property was attached.

(Argued November 22, 1881; decided December 6, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 10, 1881, which affirmed an order of Special Term, vacating an attachment issued herein.

The application to vacate the attachment was made on behalf of judgment creditors of the defendant.

The affidavit upon which the attachment was issued contained the following averment as to plaintiff's claim :

" That Christian Haug, the above-named defendant, is justly and truly indebted to the deponent in the sum of $1,017.34, $767.34 therefor for goods, wares and merchandise heretofore sold and delivered by deponent to defendant, and $250 on a promissory note made by defendant to the order of deponent, and deponent believes that he is justly entitled to recover said sum."

The affidavit upon which the motion to vacate was founded contained the following averment:

" That on the 3d day of September, 1880, an attachment against the property of the defendant was granted in the above action * * * * and said attachment was issued to the sheriff of the city and county of New York, and the property of the defendant attached thereunder, as this deponent is informed and believes. Deponent further says, that Isaac Sommers, in an action in the Marine Court of this city, recovered a judgment against the above-named defendant, under the name of Christopher F. Haug, for $588.25, and in another action in the same court, brought by the said Julius Sonborn and Morris Sonborn, they recovered a judgment against said

defendant for $240.50. That executions thereon were duly issued to the sheriff of this county on the 8th day of September, 1880, and the same levied upon the property of said defendant, and are still in force, and no part thereof has been satisfied. That the lien of said executions are subsequent in time to that of the attachment herein."

*Edward Fitch* for appellant. The affidavit stated enough to give the court jurisdiction to issue the attachment. (Code, § 636; *Donnel* v. *Williams,* 21 Hun, 216; *Van Alstyne* v. *Erwine,* 11 N. Y. 340, 341; *In re Faulkner,* 4 Hill, 598; *Niles* v. *Vanderzee,* 14 How. Pr. 547; *Easton* v. *Malavizi,* 7 Daly, 147; *Steuben Co. Bk.* v. *Alberger,* 78 N. Y. 252–258.)

*Mr. Hirsch* for respondent. The judgment creditors, as subsequent lienors, had a right to make this motion. (*Steuben Co. Bk.* v. *Alberger,* 75 N. Y. 179; *Woodmansee* v. *Rodgers,* 82 id. 88.) This order is not appealable, and the appeal should be dismissed. No question of power or jurisdiction is involved. (*Allen* v. *Meyer,* 71 N. Y. 1; *Wallace* v. *Castle,* 68 id. 373; *Liddle* v. *Paton,* 67 id. 393; *Claflin* v. *Baere,* 80 id. 642; *Claflin* v. *Currie,* id. 643; *Townsend* v. *Nibenzable,* 81 id.    .) The affidavits were fatally defective in failing to contain a statement that the demand of the plaintiff was due and owing "over and above all counter-claims known to plaintiff." (Code, § 636; *Lyon* v. *Blakesly,* 19 Hun, 209; *Donnell* v. *Williams,* 21 id. 216; *Trow Printing Co.* v. *Hart,* 60 How. 190.)

DANFORTH, J. The case furnished the court contains no index (rule 5) nor do the papers composing it purport to be certified or to be copies of the return. The rules (1, 5 and 8) as to these matters should have been complied with. Assuming, however, that they are copies of those used below, we find no error in the order appealed from. It sufficiently appears that the action is for the recovery of damages for breach of contract, and the plaintiff's right to an attachment is to be determined by the provisions of section 636 of the Code. By

those he must show by affidavit that he " is entitled to recover a sum stated therein over and above all counter-claims known to him." It is enough if the affidavit shows this to the satisfaction of the judge who receives the application for the warrant, but there must be some evidence. (*Steuben Co. Bank* v. *Alberger*, 78 N. Y. 252.) The very words of the statute need not be followed, although they furnish the safest formula. Neither they nor equivalent words were in the affidavit. It may be true, as the affidavit states, that " the defendant is indebted to the plaintiff in the " sum stated, and that he is " justly entitled to recover said sum," but it does not follow that the defendant has not, to the knowledge of the plaintiff, a counter-claim. If he has, it need not be set up, and although judgment should go against the defendant in this action, it would be no answer to a subsequent action by him for its recovery. (*Brown* v. *Gallaudet*, 80 N. Y. 417.) The words used have no tendency to show that a counter-claim does not exist. The affidavit, therefore, was insufficient to give the judge jurisdiction to grant the warrant. (*Donnell* v. *Williams*, 21 Hun, 216.) But it is now objected by the appellant that the court, in vacating the attachment, acted without jurisdiction: *First*, because the presiding judge was not the one who granted the attachment. This objection rests on section 683 of the Code, but it will not sustain it. Its provisions distinguish between a court and a judge, provide that the application to vacate must be made to the court, in which case the moving party becomes subject to the usual practice as to notice, and time and place of hearing; or to a judge, and, in that event, to the judge who granted the attachment, whether he is in court or out of court, and subject to his direction, whether the application shall be heard *ex parte* or upon notice. The motion to vacate the attachment was in fact made to the court at Special Term and was properly entertained by it. *Second*, the affidavit of the party moving to vacate was sufficient. It shows that the warrant issued 3d September, 1880, to the sheriff of the city and county of New York, and the property of the defendant attached, the issuing of executions September 8, 1880, for the

enforcement of judgments against the same debtor, to the same sheriff, and the levy by him on those executions, upon "the property" of the defendant. From these averments no other inference can be drawn than that the attachment and executions were levied upon the same property, and that the lien by execution was acquired after the property was attached. The affidavit, however, goes further and declares that "the lien of the executions is subsequent to that of the attachment." In all respects the affidavit of the moving party was sufficient to give him a standing in court, and as the affidavit on which the attachment issued was insufficient to confer jurisdiction, it was properly vacated and the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.