RUSSELL MURRAY, PLAINTIFF AND RESPONDENT, *v.* WILLIAM H. HANKIN, DEFENDANT, AND WILLIAM T. RYLE, APPELLANT.

*Attachment — the affidavit must show that no counter-claim exists to the knowledge of the plaintiff — what defects in the affidavit a subsequent attaching creditor may take advantage of.*

An attachment was issued upon an affidavit made by an agent of the plaintiff, who stated that he was personally acquainted with the facts and circumstances which he therein set forth. He then stated that the plaintiff was justly entitled to recover the sum named upon the various claims set forth " over and above all counter-claims, discounts and set-offs existing in favor of the defendant to the knowledge of *deponent.*"

Upon a motion by a subsequent attaching creditor to have the attachment vacated:

*Held,* that the affidavit was defective in failing to state that the sum claimed was due over and above all claims and set-offs existing in favor of the defendant, " to the knowledge of the plaintiff," and that it was not sufficient to show that they did not exist to the knowledge of the plaintiff's agent.

That the defect was a jurisdictional one, which was not waived by the failure of the defendant to object to it. (DAVIS, P. J., dissenting.)

*It seems*, that when the action is brought to recover the amount due upon a promissory note, and also for merchandise sold at different times to the defendant, and upon claims assigned to the plaintiff, the affidavit should show that as to each of the items there is no counter-claim existing in favor of the defendant to the knowledge of the plaintiff, notwithstanding the fact that it is made by the plaintiff's agent or attorney in fact. (Per BRADY, J.)

APPEAL from an order denying a motion to vacate an attachment, made by a subsequent attaching creditor.

*Preston Stevenson*, for the appellant.

*L. J. Morrison*, for the respondent.

BRADY, J.:

The affidavit upon which the attachment was granted in this case was made by the agent of the plaintiff, who alleges that he is personally acquainted with the facts and circumstances, which he proceeds to set forth. The claim consists of a promissory note payable to the order of the plaintiff, and a sale of merchandise made at a date subsequent to that of the note, and of merchandise also sold to various persons who have assigned their demands to the plaintiff. The agent then states that the plaintiff is justly entitled to recover for these various claims the sum named " over and above all counter-claims, discounts and set-offs existing in favor of the defendant to the knowledge of deponent." The subsequent attaching creditor, who made the motion resulting in this appeal, assails the affidavit, because it fails to comply with the statute in not averring that the plaintiff is entitled to recover the sum demanded over and above all counter-claims known to him, and this objection seems to be well taken.

Although the Code only requires the necessary facts to be shown by affidavit to the satisfaction of the judge granting the attachment, and although the affidavit may therefore undoubtedly be made by an agent who has the necessary knowledge to make the required allegations, nevertheless when the allegations are made they must be in conformity to the statute, and particularly in a case where the attachment is granted upon a variety of claims, in part originating with the plaintiff and in part acquired by him by assignment. The

statute requires, among other things, that the plaintiff shall show, either by his own affidavit or by that of somebody in his behalf conversant with the facts, that there are no counter-claims known to him, *i. e.*, known to him, the plaintiff. The asseveration by the agent, that there were no counter-claims known to him, might be made with very great propriety; when in fact there were counter-claims known to the plaintiff; and hence the necessity of the information which is exacted by the statute, *non constat* but that in this case there was a counter-claim to some one or more of the numerous items set forth, of which the plaintiff had knowledge, but of which his agent had no knowledge. If the allegation of the agent in his affidavit had been that the sum demanded was due over and above all counter-claims, discounts and set-offs existing in favor of the defendant to the knowledge of the plaintiff, the affidavit would have been sufficient. But the allegation is, that it was due over and above all counter-claims, discounts and set-offs existing in favor of the defendant to the "knowledge of the deponent," *i. e.*, to the knowledge of the agent, as already suggested. Inasmuch as in this case an attachment was demanded for a sum of money, which rested partly upon merchandise sold by the plaintiff to the defendant, and partly upon claims assigned to him, the affidavits should perhaps show that as to each of the items there was no counter-claim existing in favor of the defendant to the knowledge of the plaintiff, notwithstanding that the affidavit on which the attachment is granted may be made by the plaintiff's agent or attorney in fact.

The objection taken is not to a mere irregularity which the defendant might be regarded as having waived, because he made no objection to it, so far as the court is advised. It is to a jurisdictional objection. (*Donnell* v. *Williams*, 21 Hun, 216; *Ruppert* v. *Haug*, 87 N. Y., 141.)

For these reasons the order made by the court below must be reversed and the motion granted, with ten dollars costs and the disbursements of this appeal.

DANIELS, J., concurred.

DAVIS, P. J. (dissenting):

I do not think a subsequently attaching creditor ought to be allowed to succeed upon a point of this kind. The defendant in

the action, by not taking such an objection, waives it. The junior attaching creditor ought to be required to show that there were counter-claims or offsets which might be interposed. One creditor should not be allowed to trip up the heel of another prior in diligence, without being able to assert some more substantial objection than this. The agent evidently had better, or at least as good, knowledge of the condition of things between the plaintiff and the defendant as the plaintiff himself. His affidavit on this point presents facts upon which the judge, in granting the attachment, might find the facts asserted to be substantially proved.

I am of opinion that the court below rightfully disposed of the motion.

Order reversed and motion granted, with ten dollars costs and disbursements.