# N. Y. COMMON PLEAS.

Louis Tim and others, appellants, agt. Clinton H. Smith, respondent.

Thomas Boyd and others, appellants, agt. Clinton H. Smith, respondent.

*Attachment — What must be shown by creditors who obtain an attachment and move to vacate a prior attachment before the persons holding the prior attachment can be called upon to justify their own proceedings.*

Where a creditor who obtains an attachment against the property of defendant moves to vacate a prior attachment in another action against the defendant, the plaintiff in the process attacked has a right to claim that legal evidence of the existence of the subsequent lien shall be furnished before he can be called upon to justify his own proceedings.

*General Term, May* 1883.

On the 9th day of March, 1882, the plaintiffs obtained an attachment against the property of the defendant in an action, as recited in the attachment, to recover " damages for injury to personal property of plaintiffs, in consequence of the negligence and fraud of defendant in fraudulently procuring credit of plaintiffs for goods sold and delivered to defendant, and affidavit showing that the defendant is a natural person, who has assigned, disposed of and secreted, and is about to assign, dispose of and secrete his property with intent to hinder and delay his creditors and plaintiffs."

The affidavits upon which this attachment was issued showed that the defendant applied to the plaintiffs for the purchase of merchandise on credit at various times between the 1st day of October, 1881, and the 1st day of February, 1882, and that between these dates the plaintiffs sold and delivered to the defendant merchandise amounting in the aggregate to $4,368.75, upon a credit of sixty days from February 1, 1882.

The affidavit further shows that in order to induce the plaintiffs to sell and deliver the merchandise about the time of the purchase thereof, the defendant stated to the plaintiffs that he was doing an excellent business, was making money, was perfectly solvent, and in excellent financial condition, and that relying upon the truth of these statements the plaintiffs sold and delivered said merchandise on credit.

The affidavit further states that within a few days after the last delivery of said merchandise the defendant failed in business and made a general assignment, giving preferences, as appears by the assignment, of over fifty thousand dollars.

The affidavit further states that the statements and representations above mentioned were false, and that since the failure the defendant has admitted to the plaintiffs that they were false.

Subsequently, upon the affidavit of an attorney, stating that he was the attorney in an action brought in this court, in which Nicholas Schroeder and Henry C. Seavers were plaintiffs and the above named defendant was defendant, and that on the 17th of March, 1882, an attachment was granted in said action and duly issued to the sheriff, who has by virtue thereof attached the property of said defendant, and that said attachment was in force and said action pending, and that the attachment in this action constitutes a lien upon the defendant's property prior to the attachment mentioned in said affidavit. A motion was made to vacate the attachment herein upon the ground of the insufficiency of the affidavits upon which it was founded, which motion was granted, and from the order granting such motion this appeal is taken.

*Daniel Clark Briggs* and *Otto Horwitz*, for plaintiffs, appellants.

*Alexander Blumensteil* and *Samuel Greenbaum*, for subsequent attaching creditors, respondents.

Tim agt. Smith.

VAN BRUNT, *J.* — One of the questions which was argued upon this appeal, and the only one which I deem it necessary to consider, is that the moving papers in this case did not show that any valid attachment had been obtained by the moving creditors, and that therefore this motion could not be entertained. In order that this motion may be made, the party moving must have acquired a lien upon or interest in the property attached. This fact must appear to the court, by competent evidence, before it can acquire jurisdiction to entertain this motion. The only proof in this action of the subsequent lien of the moving party is an affidavit by an attorney that an attachment was granted in an action in which the moving party was plaintiff against the property of the defendant herein; the grounds of the attachment do not appear. Whether the papers upon which it is granted conferred jurisdiction upon the judge granting the attachment, is not disclosed, and for aught that appears upon the record, the attachment of the moving party may have been founded upon the same facts upon which the plaintiffs herein claimed to maintain their attachment; and we may have presented to us as a result of this motion the vacation of an attachment by an alledged subsequent lienor, whose alleged lien is acquired by an attachment having less legal foundation than the one sought to be set aside. It seems to me that in the face of an objection raising the point, the party moved against has the right to insist upon strict legal proof of the subsequent lien, so that he can attack the same because of defects therein. It cannot be but that the party moved against has the right to question the validity of the subsequent lien, because the papers upon which it was granted do not confer jurisdiction upon the court precisely in the same manner as the alleged subsequent lienor is attempting to set aside the prior attachment.

It is well established that if the sheriff wishes to justify the taking of personal property under an attachment, he must show that the attachment is regularly issued by the production of the papers upon which it is founded; so here, if the

party claims a lien by virtue of process, he must show that the process was regularly issued.

It is claimed, upon the part of the respondent, that the case of *Ruppert* agt. *Haug* (87 *N. Y.*, 141) is opposed to the view above expressed. Certainly language is used, in the opinion of the court, which sustains this claim; but an examination of the case shows that but one question was considered as to the *status* of the moving party, and that was that it did not sufficiently appear by the affidavit of the moving party that the two processes were levied upon the same property, which was necessary to appear in order to give the moving party a standing in court. This is the only question in that regard decided by the court; and when they say that, in all respects, the affidavit of the moving party was sufficient to give him a standing in court, they had in mind only the point which had been raised as to the sufficiency of the affidavits, viz., the identity of the property levied upon.

In the case at bar, the objection is raised at once that there is nothing whatever to show that the court had any jurisdiction to issue the subsequent attachment, or that such attachment, when levied, gave the plaintiff therein any lien upon the defendant's property which authorized them to make the motion to set aside the plaintiff's prior attachment herein.

As far as I have been able to examine the adjudications, the question now presented has never been raised; but it seems to me that the plaintiffs in the process attacked, have a right to claim that legal evidence of the existence of the subsequent lien shall be furnished before they can be called upon to justify their own proceedings, and that they may insist that the moving lienor shall show to the court that his process, at least, is regular, and has a better foundation than the process attacked.

The order should be reversed, with costs and disbursements.