HENRY CRIBBEN and Others, Appellants, v. LOUIS SCHILLINGER, Respondent.

*Attachment — affidavit made by the plaintiffs' attorney — sources of his knowledge must be stated — Code of Civil Procedure, sec. 636.*

An attachment was granted herein upon an affidavit made by one of the plaintiffs' attorneys, in which he stated that the amount named was due to the plaintiffs "over and above all counter-claims, discounts and set-offs known to the plaintiffs or the deponent." The affidavit stated that it was made by the attorney, because the plaintiffs resided out of the county, and that the deponent's knowledge as to the debt was derived from a statement of the account upon which the action was founded, sent to him by his clients in a letter.

*Held,* that the attachment was properly vacated upon the moving papers, as the affidavit did not show either that the attorney had any knowledge, or the sources of his knowledge, that the amount named was due, over and above all counter-claims known to the plaintiffs.

APPEAL from an order made at the Onondaga Special Term, vacating a warrant of attachment.

*M. M. Waters,* for the appellants.

*Frank H. Hiscock,* for the respondent.

SMITH, P. J. :

The motion to vacate was made upon the papers on which the attachment was issued. It was granted on the ground that the papers did not show that the plaintiffs are entitled to the sum stated therein, "over and above all counter-claims known to plaintiffs," as required by subdivision one of section 636 of the Code of Civil Procedure. The only affidavit on that subject was made by one of the attorneys of the plaintiffs residing in Syracuse. He stated that the sum specified was due to the plaintiffs, "over and above all counter-claims, discounts and set-offs known to the plaintiffs or the deponent." The fact that the affidavit was made by the attorney and not by the plaintiffs was sufficiently accounted for, it having been shown that the plaintiffs resided out of the State. The affidavit of the attorney might have sufficed, if it had appeared that he had any knowledge as to the existence of counter-claims, and perhaps it would have been enough (though, as to that, we express

no opinion) if he had stated that he was informed by his clients that none existed. But nothing of the kind appeared. All that the attorney knew as to the amount of the debt was derived from a statement of the account on which the action was founded, which he had received from his clients, but the statement conveyed no information as to whether a counter-claim existed. As the attorney had no knowledge or information on that point, there was no proof whatever on the subject and that lack of proof was a jurisdictional defect. (*Ruppert* v. *Haug*, 87 N. Y., 141.) We do not say that a sufficient affidavit cannot be made by an agent, in any case, but when made by him, there should be proof that he has knowledge, or at least satisfactory information as to the essential facts stated by him, and where he acts upon information only, the sources of his information should be stated and the reasons why the affidavit is not made by some one having knowledge of the facts.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.