HENRY W. SMITH AND OTHERS, RESPONDENTS, *v.* THOMAS E. ARNOLD AND MARIA T. ARNOLD, APPELLANTS.

*Attachment — the affidavit must show a sum due over all counter-claims known to the plaintiff — Code of Civil Procedure, sec. 636, sub. 1 — when a reference to other papers on file is unavailing in an affidavit.*

Upon an application for an attachment it must be shown by affidavit that the "plaintiff" is entitled to recover a sum named over and above all counter-claims known to him. It is not sufficient, where the complaint is verified and the affidavit made by an agent of the plaintiff, to state that the sum is due over and above all counter-claims known to the agent.

An affidavit upon which an attachment was issued stated that the defendants had made a general assignment of their property, to which the deponent "begs leave to refer and make part of the moving papers herein." Neither the assignment nor inventory, nor any part of either of them, was made a part of the moving papers, nor were they produced when the motion was made.

*Held,* that if the applicant desired to avail himself of the additional proofs which might be supplied by the assignment or the inventory, he should have made the pertinent portions thereof parts of his moving papers; and that having failed so to do, or to produce them, the reference to them was unavailing.

That they could not be produced and read on the hearing of a motion, to vacate the attachment, made upon the papers upon which it was issued.

APPEALS in this and another action, between the same parties, from orders made at Special Terms denying motions made to vacate attachments.

*John H. V. Arnold,* for the appellants.

*Walter Howe,* for the respondents.

DANIELS, J.:

The motions were made upon the affidavits on which the attachments were issued. The proof of the causes of action was contained in an affidavit in each case made by Richard C. Sibley, and by the complaints in the actions which were verified by him. Neither of the plaintiffs made an affidavit in either of the actions. They resided in the city of Cincinnati, and were there engaged in business as distillers under the name of Henry W. Smith & Co., and the causes of action set forth were for the cost-price of articles called French spirits, sold and delivered by the plaintiffs to the defendants. The

fact that the amount claimed to be due and owing was so owing over and above all counter-claims known to the plaintiffs, was not stated either in the complaint or in either of the affidavits. In one of the affidavits made by the agent, the only statement upon this subject, was in the following form:

"That defendants are indebted to plaintiffs to the amount of $6,590.91, over and above all counter-claims known to deponent, for goods, consisting principally of what are known as 'French spirits,' sold and delivered to them by plaintiffs.

"That defendants are now indebted to plaintiffs to the above amount, over and above all counter-claims known to deponent, and that sum and interest is now justly due and owing to plaintiffs by defendants."

And in the other affidavit it was made in the following manner: "That defendants are indebted to plaintiffs to the amount of $2,604.09, over and above all counter-claims known to deponent, for goods sold and delivered to them to that amount, as more fully appears by the complaint herein."

These statements were limited, therefore, to counter-claims known only to the agent himself. It was not made to appear by the affidavits or the complaint that the property had been sold, or that the business had been conducted or managed by the agent, and consequently the limits of the knowledge of the agent upon this subject cannot be held to be coextensive with that of the plaintiffs themselves. The Code, by subdivision 1, section 636, required the affidavits to show that the plaintiffs were entitled to recover a sum stated therein over and above all counter-claims known to them. This was not complied with in the affidavits which formed the basis upon which the attachments were issued. The defective statements were not aided or corrected by the complaints themselves, for they were verified alone by the agent. In fact the complaint in the first action is clearly at variance with the amount claimed to be due and owing by the affidavit of the agent in that action, for by the latter it is stated to be the amount of $6,590.91, while by the complaint the indebtedness is shown not to exceed the sum of $3,986.81. The attachments were issued upon these papers and upon no others. That is shown by the recitals contained in the attachments themselves stating that the facts upon which they issued had been made

to appear by affidavit, the complaint being of course used, as it was allowed to be for this purpose, as an affidavit. And as these affidavits failed to comply with this requirement of the Code they were not sufficient to permit either of the attachments to be issued. This precise point was considered in *Murray* v. *Hankin* (30 Hun, 37), where an affidavit made in this form by an agent was held to be insufficient to warrant the issuing of an attachment. The same point was presented in *Cribben* v. *Schillinger* (Id., 248), resulting in the same conclusion. And it is further sustained by *Ruppert* v. *Haug* (87 N. Y., 141), and also by *Steuben County Bank* v. *Alberger* (78 id., 252). The statement was framed in this form with the intention that its requirement should be observed, and that when the papers are substantially defective in this respect an attachment should not be permitted to be issued.

By the principal affidavit upon which the first attachment was issued, it was stated that the defendants had made a general assignment of their property, to which the deponent, making the affidavit, " begs leave to refer and make part of the moving papers herein." This reference to the assignment and the inventory was to establish the disposition which the defendants were alleged to have made of their property and effects. But neither the assignment nor the inventory was, in fact, made a part of the moving papers; but they were left to stand upon the mere reference that they had been filed in the Court of Common Pleas. It was obviously not the duty of the court upon a reference of this description to proceed to the clerk's office and inspect or examine these papers.

Neither does that service appear to have been performed by the justice allowing the attachment. If the applicants desired to avail themselves of the additional proofs which might be supplied by the assignment, or the inventory, to sustain the alleged indebtedness, it was their duty to make such portions as they considered to be pertinent a part of the moving papers, as they expressly stated that was intended and designed. As much as that certainly was requisite to bring the contents of these papers to the knowledge of the court in the application for the attachment. (*Bennett* v. *Edwards*, 27 Hun, 352.) For in no other form would those papers be before the judge for his legal or proper consideration. That they were not before him in any form appears further from the recitals in the

orders denying the motions to vacate the attachments, for by those recitals it appears that these papers were, upon the hearing of the motions, produced before the court, but their use was objected to " on the ground that they were not part of the papers upon which said warrant of attachment was granted, and are not annexed to the affidavit of said Richard C. Sibley nor so referred to therein as to make them, or either of them, part of such affidavit, or of the papers upon which said warrant was granted."

This statement, as it was inserted under the authority of the court, is to be assumed to be a truthful relation of the fact, especially as the attachments themselves recited that they were made upon facts established by affidavit, and to neither one of the affidavits made by Sibley was any part of the assignment, or inventory, in fact, annexed. These papers were accordingly additional proofs brought before the court on the hearing of the motions to establish the indebtedness and thereby sustain the attachments. And as those motions were made upon the papers upon which the attachments themselves were, in fact, issued, neither the assignment nor the inventory could be brought before the court to supply the defects in the papers on which the attachments were allowed. (*Trow's Printing Company* v. *Hart*, 85 N. Y., 500.)

The papers upon which the attachments issued were materially defective, for there was a substantial failure to comply with the provision of the Code already referred to, and that was in no manner supplied by any proof whatever appearing before the judge at the time when the attachments were allowed, and as it could not be supplied when the motions to vacate them were made by producing further proofs for the consideration of the court, it follows that they should have been vacated and set aside. An " attachment (has been said to be) is in effect an execution and a creditor's bill, and there are doubtless many cases, and this may be one, where it would be well to have both before judgment, but until the legislature shall interfere, even the diligent creditor must conform his proceedings to the regulations of the statute. It would be intolerable if the property of a citizen was liable to seizure upon such vague and inconclusive averments as are contained in the affidavits before us." (*Steuben Co. Bank* v. *Alberger*, *supra*, 258.)

The provisions of the Code are simple and easily complied with

when the facts existing create a case within their terms; and when that has not been done, the courts are not required to be astute in sustaining the proceedings and thereby evading the language as well as the practical effect of the law as it has been enacted.

The case made on behalf of the plaintiffs in each of the actions was materially and substantially defective, and the order should therefore be reversed, with the usual costs and disbursements.

BRADY, J.:

It does not appear from the statement in the assignment in reference to the plaintiff's debt that there were no counter-claims against it, or that the amount of the notes mentioned were, or would be, due over and above all counter-claims. The statement admits a liability and it might, perhaps, be assumed that there were no offsets or counter-claims; but the statute requires proof from a creditor when an attachment is asked. The difficulty of giving the plaintiffs the benefit of the statement is that it does not appear to have been exhibited when the attachment was granted, and as Justice DANIELS states, was not referred to particularly, the reference being to the assignment, of which it formed a part, and for the purpose of charging the fraud and not for the purpose of showing the indebtedness, the allegation in that regard resting only on the affidavit of the agent. I feel constrained to agree with Justice DANIELS on the authorities.

DAVIS, P. J. (dissenting):

The assignment referred to and produced on the argument shows that the sum claimed in the agent's affidavit was in fact the amount actually due over and above all set-offs. The affiant not being a party to the action, could only testify as to his own knowledge. This must be the case in all suits where the affidavit is necessarily made by the agent. He cannot swear that the amount is due over and above all set-offs to the knowledge of the plaintiffs. The Code should be so construed as to allow such an affidavit to be made if reference be made to some voucher or evidence of indebtedness which sustains the truth of the allegation of the amount claimed over and above all set-offs, etc. In this case no attachment could have been sued out if the section of the Code will not admit of such a construction, because the plaintiffs were not present to make the affidavit.

I am in favor, therefore, of holding that the affidavit corroborated and verified by the reference to the assignment was sufficient to uphold the attachment in a case where the defendants make no pretense in the moving papers that the sum claimed is not actually owing and due over and above all set-offs, etc.

I think the order should be affirmed.

Orders reversed, with ten dollars costs and disbursements.