FREDERICK BUHL AND WALTER BUHL, APPELLANTS, *v.* MICHAEL BALL AND ELLIS LEVY, RESPONDENTS.

SAMUEL GOODMAN AND OTHERS, APPELLANTS, *v.* THE SAME, RESPONDENTS.

*Practice — attachments — affidavits made by an agent, as to the amount being due to the plaintiff over and above all counter-claims — source of the deponent's knowledge must be shown — the court cannot allow amendments to supply the requisite allegations.*

Motions to vacate attachments, granted upon the ground that the defendants had assigned their property with intent to defraud their creditors, were made upon the papers upon which the attachments were issued. In each case the affidavits were verified by the agent or attorney of the plaintiffs. In one case the affidavit was made by an agent of the plaintiffs, who stated therein that the plaintiffs were residents of the State of Michigan; that the plaintiffs' claims were $1,180 and interest "over and above all discounts and set-offs," and that "the plaintiffs are entitled to recover the sum above stated over and above all counter-claims known to the plaintiffs."

*Held,* that the affidavit was insufficient to authorize the issuing of the attachment; that although it stated in unqualified terms that the plaintiffs were entitled to recover the sum named " over and above all counter-claims known to the plaintiffs," yet as nothing appeared in the affidavit which enabled the court to see how the deponent knew or could know that fact, or which showed the relations existing between him and the plaintiffs to be such as to raise a presumption, from the nature of the agency, that he might have personal knowledge as to this fact, the proof as to the existence of that fact was defective.

In the other case the affidavit was made by the plaintiffs' attorney, who stated, upon information and belief, that the plaintiffs' claim was $884.29 and interest "over and above all discounts and set-offs;" that the plaintiffs' place of business was Philadelphia ; that the grounds and sources of the deponent's knowledge and belief, in respect to the matters stated by him, are that he has the bill of his clients sent to him by them (which is verified by the affidavit of one of the plaintiffs and annexed to his affidavit), and the verified schedules filed by the defendants after the general assignment, in which the plaintiffs' claim appeared.

*Held,* that the affidavit was insufficient to support the attachment.

Upon the hearing, an application made by the plaintiffs, to supply the defects in the affidavits by adding new allegations establishing the disputed fact, was denied by the court upon the ground that it had no power to grant such relief.

*Held,* that the ruling was correct.

*Kibbe* v. *Wetmore* (31 Hun, 424) distinguished.

APPEALS from orders of the Erie Special Term, vacating attachments and denying motions to amend the affidavits on which they were issued.

The attachments were granted upon the ground that the defendants had assigned their property with intent to defraud their creditors; and it appears by the affidavits that on the 12th day of November, 1885, they made a general assignment of their property in trust for the benefit of their creditors.

The defendants were merchants tailors carrying on business at the city of Buffalo, and on the 6th day of February, 1885, one of them was called upon by Mr. Marshall, a representative of R. G. Dun & Co.'s Mercantile Agency, to whom he represented that they had, on the twenty-seventh of January preceding, taken an inventory, and their stock then amounted to $15,771.55; that there was then owing to them accounts collectible $7,402.33, and $1,356.56 worth fifty per cent, and that they had of cash on hand from ninety to one hundred dollars; that their liabilities did not exceed $6,000, of which they had paid, since the twenty-seventh January, $2,000, and this defendant then exhibited an inventory in support of his statement. This inventory showed the defendants to have been worth, on the sixth of February, nearly $20,000. Their schedules filed, after making the assignment, showed that their nominal assets were $48,972.21, and their actual assets $13,499.39, and their liabilities $57,118.31, amongst which there were items of indebtedness to banks in Buffalo amounting to $12,152.66; also liability on other paper at such banks amounting to $3,345; due to other parties in Buffalo $657,47, and to persons outside of that city for merchandise $34,973.47. That by the assignment preference was given to their Buffalo creditors and not given to any creditors elsewhere, except one to the amount of $356.31. The debts upon which these actions were brought were incurred for goods purchased by the defendants in September and October, 1885, on credit, which had not expired at the time of the assignment. This is substantially the state of facts upon which the charge of fraudulent intent is founded.

Upon the motion to vacate the attachments the sufficiency of the affidavits in other respects was challenged, and the plaintiffs upon notices moved for leave to amend the affidavits in those respects. These motions to amend were denied upon the ground of want of

power. The plaintiffs appeal from those orders as well as from the orders vacating the warrants of attachment.

*George U. Loveridge,* for the appellants.

*Baker & Schwartz,* for the respondents.

BRADLEY, J. :

The facts stated in the affidavits fairly justified the conclusion that the assignment was made by the defendants with the intent to defraud their creditors. Assuming that one defendant, in making the formal statement in detail of February, spoke for both of the defendants, and that it, as then made, was substantially correct, the marked change, as represented by them, of their pecuniary condition from net assets of nearly $20,000 at that time, to utter insolvency in nine months after (as represented by their schedules) is a significant fact in view of the nature and extent of their business, and of the detailed statement of their assets and liabilities, at the time of making the assignment. And although undisclosed circumstances may have intervened to repel such imputation, they were, if any such existed, matters within their personal knowledge, and without explanation they were not entitled to the inference that such suddenly asserted change in their situation came from causes not within the imputation charged by the affidavits, or that the statement of February was incorrect or founded in mistake. The facts upon which the attachments were obtained rested wholly on the intent with which the assignment was made. And although it was a general one in trust for creditors, fraud in fact as against the creditors of the assignors furnished the right to an attachment, and to levy it upon such property assigned as was the subject of levy and sale by execution. (Code Civ. Pro., § 636 ; *Skinner* v. *Oettinger,* 14 Abb., 109 ; *Globe Woolen Co.* v. *Carhart,* 67 How., 403 ; *Vietor* v. *Henlein,* 34 Hun, 562 ; *Claflin* v. *Hirsch,* 19 Weekly Dig., 248.)

The affidavit in the Buhl case was made by an agent of the plaintiffs, by which it appears that the plaintiffs resided in the State of Michigan. And this affidavit contains the statement that the plaintiffs' claim is $1,180 and interest " over and above all discounts and set-offs," and that " the plaintiffs are entitled to recover the sum above stated over and above all counter-claims known to

the plaintiffs." He does not state his sources or means of knowledge, or particularly the duties of his relation as such agent.

In the Goodman case, the affidavit is made by the plaintiffs' attorney, who states, on information and belief, that the plaintiffs' claim is $884.29 and interest "over and above all discounts and set-offs ; " that the plaintiffs' place of business is Philadelphia, and that the grounds and sources of his knowledge and belief in respect to the matters stated by him are, that he has the bill of his clients sent to him by them, which is verified by the affidavit of one of the plaintiffs, and annexed to his affidavit, and by reference to the verified schedules filed by the defendants, in which the plaintiffs' claim appears. And, subsequently, in the affidavit he adds that "the plaintiffs are entitled to recover the sum above stated, over and above all counter-claims known to the plaintiffs."

The question arises whether in these affidavits there is a substantial compliance with the statute, which provides that "to entitle the plaintiff to such warrant, he must show by affidavit, to the satisfaction of the judge granting the same, * * * that the plaintiff is entitled to recover a sum stated therein over and above all counter-claims known to him." (Code Civ. Pro., § 636.) This is a summary provisional remedy to take from a debtor the custody of property, and to support the remedy the provisions of the statute, in this respect, must be substantially observed. (*Lyon* v. *Blakesly*, 19 Hun, 299 ; *Donnell* v. *Williams*, 21 id., 216 ; *Rupert* v. *Haug*, 87 N. Y., 141.)

The agent of the plaintiffs in the Buhl case, by his affidavit, unqualifiedly stated that the plaintiffs were entitled to recover the sum named, "over and above all counter-claims known to the plaintiffs," but nothing appears in the affidavit beyond such statement which enables the court to see how he did or could know the fact, or which permitted him to state what knowledge the plaintiffs did or did not have on the subject of counter-claims.

It is contended by the plaintiffs' counsel that, inasmuch as the statement of the deponent was in positive terms, it may be assumed that he had the knowledge of the fact asserted by it, and he cites, to support his contention, *Bates* v. *Pimstein* (7 N. Y. Civ. Pro. R., 300), which was decided by the General Term of the City Court of New York, where it was held that

an affidavit made by an agent and salesman of the plaintiffs, that the sum stated was due to the plaintiffs "over and above all claims and offsets" was sufficient.   There it appeared that the agent was a salesman of the plaintiff, and the debt was produced by a sale of goods · to the debtor, and that he was such was deemed by the court a significant fact, which was there held to permit the inference that his knowledge justified his statement, and distinguished it from the affidavit in like terms made by a plaintiff's attorney, who is not presumed to be familiar with the commercial and business transactions of his client.   And reference is also made to *Mallary* v. *Allen* (Id ., 287), decided in the same court.

When the relation of the agent making the affidavit appears to have been such as to enable him to have the requisite knowledge to state a fact, his affirmation of it may be taken as proof, upon which the officer granting the warrant of attachment may judicially act and it will support it.   (*Gribbon* v. *Back*, 35 Hun, 541.)   And then his statement must not be qualified by the expression of his want of knowledge of additional counter-claims.   (*Murray* v. *Hankin*, 30 Hun, 37 ; *Smith* v. *Arnold*, 33 id., 484 )   When made by an agent the statement in the affidavit in respect to the knowledge of the existence or non-existence of counter-claims, must necessarily rest upon information, unless he has such relation to the business of his principal as to justify the inference of his knowledge, and such is the presumption until something appears to qualify him to make his statement proof of, or upon, the fact for the consideration of the officer.

This may come from his relation to and knowledge of the business of his principal, so as to enable him to depose positively, or he may state it on information and belief derived from the requisite sources and means of. information, but these circumstances to support his deposition must be presented to justify granting of the process. (*Jordan* v. *Richardson*, 7 N. Y. Civ. Pro. R., 411 ; *Cribben* v. *Schillinger*, 30 Hun, 248 ; *Marine Nat. Bank* v. *Ward*, 35 id., 395.)

The difficulty in both of these cases is that no means or sources of knowledge and information of the agent and attorney of the plaintiffs are stated in their affidavits to support their assertions in them, that the plaintiffs were entitled to recover the sums mentioned " over and above all counter-claims known to the plaintiffs."   And

this fact was not supplied by the reference to the schedules filed by the defendants.

The distinction between a statement so made by an agent and that made by an attorney of a plaintiff, depends upon the particular business to which the agency of the former relates. It may be as remote and distinct from the business which produced the debt as the relation of the attorney to it, and he may have no greater opportunity for personal knowledge of it than the latter. The qualifying distinction should, therefore, be made to appear. In *Gribbon* v. *Bach*, the facts appeared which enabled the judge to say that the agent had some means of knowledge upon which his conclusion of the existence of this requisite fact was founded. Within the rule before stated the affidavits seem to have been insufficient to support the attachment.

If the statutory requisites are unnecessarily rigorous for the preservation and protection of the rights of creditors and debtors, the subject of modification is for the legislature.

The application of the plaintiffs to supply the defects in the affidavits by adding new ones, was met by the objection that the court had no power to grant such relief, and the court denied it upon that ground. It is contended that the power is furnished by the statute providing for the allowance of amendments of " process, pleading or other proceeding," etc. (Code Civ. Pro., § 723.) And reference is made to *Kibbe* v. *Wetmore* (31 Hun, 424), where it was held that the provisions of such section were broad enough to cover an amendment allowed of a warrant of attachment, to obviate an objection taken on motion to vacate it. The amendment there had relation to the ground stated in the process as that upon which it was issued. Here the motion was not to amend the process, but to supply by amendment additional proofs to support it. And the statute provides for application to vacate an attachment founded only upon the papers on which it is granted, or upon proof by affidavit on the part of the defendant, and that in the latter case the plaintiff may add new proof by affidavit to sustain the attachment. (Code Civ. Pro., § 683.) And the practice has uniformly been such under this section, as to exclude suppletory affidavits in support of attachments, when the motions to vacate have been founded solely on the papers upon which they were issued. (*Steuben County Bank* v. *Alberger*,

75 N. Y., 179; *Smith* v. *Arnold,* 33 Hun, 484; *Sutherland* v. *Bradner,* 34 id., 519.)

This is put upon the ground, that the rule of practice and proceeding in such case is prescribed by the section last referred to, and denies to them the application of any other provision of the statute to modify to any extent the rule by it prescribed. And so far as relates to the provisional remedy the question arising upon the application, made solely on the papers before the officer when he granted it, is treated as jurisdictional and, therefore, support will not be allowed to the attachment by proofs *nunc pro tunc.* (*Rupert* v. *Haug,* 87 N. Y., 141; *Sutherland* v. *Bradner, supra.*)

These views require the conclusion that the orders should be affirmed.

SMITH, P. J., and HAIGHT, J., concurred.

Orders affirmed, with ten dollars costs and disbursements.