(26 Misc. Rep. 383.)

### RICKERSON v. BUNKER et al.

(Supreme Court, Appellate Term. February 24, 1899.)

1. ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

Plaintiff's affidavit for attachment, alleging that "defendants are justly indebted to him in the sum of $511 over all set-offs or counterclaims that the said defendants might have against this plaintiff, to his knowledge," sufficiently complies with Code Civ. Proc. § 636, requiring the affidavit to show "that the plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him."

2. SAME.

An affidavit for attachment is sufficient though it alleges in the alternative, in the language of Code Civ. Proc. § 636, that defendants "have assigned, disposed of, * * * or are about to assign, dispose of, * * * property," where other allegations are sufficient to show a fraudulent disposition of property.

3. APPEAL—SUFFICIENCY OF EVIDENCE.

A judgment of the general term, affirming an order granting an attachment because of a fraudulent disposition of property, will not be disturbed.

Appeal from city court of New York, general term.

Action by Martin L. Rickerson against Le Roy E. Bunker and Albert Chellborg. From a judgment of the general term (54 N. Y. Supp. 1114), affirming a judgment of the special term denying defendant Chellborg's motion to vacate an attachment against his property, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Oscar H. Stearns, for appellant.

Charles Lex Brooke, for respondent.

MacLEAN, J. The appellant contends: (1) It is not shown, in the language of section 636, Code Civ. Proc., in the moving affidavit, "that the plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him"; and (2) the allegation that the defendants "have assigned, disposed of, * * * or are about to assign, dispose of, * * * property," in the language of section 636, Code Civ. Proc., is in the alternative, and so not affirmative and not sufficient.

Respecting the plaintiff's right of recovery, it is not necessary to adopt the words of the statute (Ruppert v. Haug, 87 N. Y. 144), advisable as that is; for it is enough to show the facts required, and that sufficiently appears from the words, "defendants are justly indebted to him in the sum of five hundred eleven and $^{31}/_{100}$ dollars over all set-offs or counterclaims that the said defendants might have against this plaintiff, to his knowledge." Moreover, the expression employed and quoted above is practically the same as one heretofore regarded as sufficient. Barton v. Saalfield, 1 How. Prac. (N. S.) 276. Outside of the alternative statement objected to, the affidavits presented sufficient evidence of fraudulent disposition of property to authorize the issue of an attachment. Whether that evidence appear or not with such cogency as to satisfy every one, it satisfied the judge who granted the attachment and the justices of the general term, and their action may not now be interfered with.

The order should be affirmed, with costs.

FREEDMAN, P. J., concurs. LEVENTRITT, J., concurs in result.