### BELMONT v. SIGUA IRON CO.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. ATTACHMENT—VACATION AFTER JUDGMENT—MOTION—EFFECT OF JUDGMENT.
   Where a notice of motion to vacate an attachment recited that defendant moved to vacate, both on the attachment papers and on the judgment recovered in the action, without limiting the use he desired to make of the judgment, such judgment was as available to plaintiff as to defendant to establish any facts of which it furnished proof.

2. SAME—DEFENSE IN AFFIDAVITS—AIDER BY JUDGMENT.
     Where a judgment in attachment against a foreign corporation recited
   that defendant was a foreign corporation, and showed that plaintiff had
   a cause of action against defendant for breach of an express contract for
   the payment of money, and for the identical sum alleged in the warrant
   of attachment to be due, it would be presumed, on a motion to vacate
   the attachment, based on the attachment papers and on the judgment,
   that the facts recited in the judgment were supported by sufficient proof,
   and it was immaterial that such facts were not sufficiently proved by the
   attachment affidavits.

3. SAME—ISSUANCE OF SUMMONS—PROOF.
     Under Code Civ. Proc. § 638, providing that a warrant of attachment
   may be granted to accompany the summons, or at any time after the
   commencement of the action, but that service of the summons shall be
   made within 30 days after its issuance, proof of the issuance of a sum-
   mons is not required as a condition to the issuance of the attachment.

Appeal from Special Term, New York county.

Action by August Belmont against the Sigua Iron Company. From
an order vacating an attachment, plaintiff appeals. Reversed.

The warrant of attachment herein was granted on June 5, 1894. The at-
tachment affidavit sets out the loan from the plaintiff to the defendant of
$10,000 on February 1, 1893, for which the defendant executed and delivered
to the plaintiff its promissory note for that sum; and states that the defend-
ant is a foreign corporation, that $10,304 is due above all counterclaims, and
that the summons had been issued. The motion to vacate the attachment is
made for supposed insufficiency of proof on these points. The attachment
affidavit was by the plaintiff's attorney "for the reason," as therein stated,
"that the plaintiff is absent from the city of New York," and it recites as
grounds for information and belief a personal statement made by the plaintiff
to the attorney, and the fact that the latter "had personal charge for nearly
a year last past of the said claim on behalf of the plaintiff." The defendant
moved to vacate both on the attachment papers and on the judgment recov-
ered in the action on November 20, 1902. Such judgment recites that the de-
fendant is a "foreign corporation"; that the summons and complaint were
served without the state, pursuant to an order to that effect; and that the
plaintiff on November 19, 1902, made application to this court for judgment,
and an order was "thereupon made awarding judgment to the plaintiff for
$10,304 and interest." The plaintiff, on the return of the motion, sought to
sustain the attachment by new affidavits; but these, on objection, were re-
jected upon the ground that the motion was made upon the original papers,
and the plaintiff was not entitled to have admitted new proof in support of
his attachment. The Special Term accordingly vacated the attachment, and
from the order so entered this appeal is taken.

Argued before VAN BRUNT, P. J., and McLAUGHLIN,
O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry W. Hardon, for appellant.
R. Burnham Moffat, for respondent.

O'BRIEN, J. The proof as to the making and delivery of the
promissory note was sufficient, and the contentions at the Special
Term related to the other matters covered by the attachment affi-
davit, and were, principally, whether or not the defendant is a foreign
corporation, whether the amount specified was due above all counter-
claims, and whether the summons had been issued. In these particu-
lars the defendant insisted that the proof to support the attachment
was insufficient.

In determining the strength of these contentions, the first question for consideration is the one which was resolved adversely to the plaintiff, namely, whether, in moving upon the original affidavits and also on the judgment, the defendant opened the door, under section 683 of the Code of Civil Procedure, for the admission of new proof in support of the attachment. The learned judge at Special Term held that no right had been conferred by the defendant upon the plaintiff to offer additional affidavits, and in his opinion said:

"Where an affidavit is offered merely to show the party's right to move or to excuse laches, no right is thereby conferred on the opposing party to offer other affidavits in support of the attachment. Trow's Printing, etc., Company v. Hart, 85 N. Y. 500; Steuben County Bank v. Alberger, 75 N. Y. 179."

With respect to these cases it is first to be observed that they both relate to motions made by subsequent lienors or transferees, and not by a defendant. Where the former move, it is necessary under the Code to show, before doing so, that the lienor has a status, and this requires proof that he has a lien on the property attached. We find, however, no such condition imposed upon a defendant who, from his position in the action, has a right, without more appearing than that he is a defendant, to move to vacate an attachment. It is true that, if he should delay, and in the meantime it appeared that the property levied upon under the attachment had been applied upon the judgment recovered in the action, this would result in a denial of his motion. Such facts, however, it is unnecessary for him to show for the purpose of moving, but rather they would be a matter of defense to the motion, and, seemingly, it would be necessary for the plaintiff to prove them in order to resist an attack made by the defendant upon the attachment. If so, then the defendant's motion was founded upon proof in addition to the original affidavit, and this opened the door for new affidavits by the plaintiff in support of his attachment.

Without deciding this question, however, and assuming that it was necessary for the defendant, before moving, to establish a status, by showing that the attached property had not been applied on the judgment, we think it but right that, he having moved on the judgment, such judgment was as available to the plaintiff as it was to him in establishing any facts of which it furnished the proof. In other words, the judgment was used upon the motion, and, no limitation having been fixed by the notice of motion, it was before the court for what it was worth. So considered, we think its effect was to supply the defects in the proof in the respects in which it was insisted that the original affidavit was defective. Thus, the judgment recites that the defendant is a "foreign corporation," and it shows that the plaintiff had a cause of action against the defendant for the breach of an express contract for the payment of money, and for the identical sum alleged in the warrant to be due. In this manner the amount for which the plaintiff was entitled to recover above all counterclaims is shown. The entire judgment roll is not printed, but, it being one of our own records, we have a right to assume that the facts recited in the judgment are supported by sufficient proof. That is to say, the defendant having moved on a copy of the judgment, which presumably was regularly entered, the further presumption that it was entered

upon sufficient proof to support its recitals may be indulged in. At all events, it may be viewed as containing admissions made by the defendant, who moved upon it, and used it presumably on the strength of its validity as a basis to establish his status to make the motion, thereby affirming its verity.

Regarding the statements in the judgment as admissions by the defendant, the jurisdictional defects upon which the defendant particularly relied were supplied, as we have endeavored to point out.

With respect to the summons all that need be said is that section 638 of the Code of Civil Procedure provides that the warrant may be granted "to accompany the summons or at any time after the commencement of the action," from which the inference may be drawn that no proof, in the first instance, of the issue of the summons, is requisite. That section further provides for the service of the summons within 30 days after the issue of the warrant. Here the attachment was granted June 5, 1894, and service on June 30, 1894, is recited in the judgment.

We have examined the minor objections, but do not think they require to be specially mentioned, more than to say that we regard them as without merit. The long time that has elapsed, and the fact that the motion was not made until after the judgment was recovered, and then only upon the papers on which the motion was made, require that we should indulge in every reasonable presumption to support the attachment. We think the defendant's motion to vacate the attachment should have been denied.

The order appealed from should accordingly be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.