AUGUST BELMONT, Appellant, v. SIGUA IRON COMPANY, Respondent.

*Motion to vacate an attachment — when made on the papers on which it was granted and on the judgment in the action — the facts recited in the judgment may be used to support the attachment — they are presumed to be true — proof as to the attached property having been applied on the judgment — proof that the summons has issued.*

Assuming that a defendant who makes a motion to vacate an attachment, after a judgment has been rendered in the action, is obliged to establish that the attached property has not been applied upon the judgment, still, if he makes his motion upon the papers upon which the attachment was granted and on the judgment and does not in the notice of motion limit the purposes for which the judgment may be used, the facts recited in the judgment are available to the plaintiff in support of the attachment.

In such a case the court will presume that the facts recited in the judgment are supported by sufficient proof.

*Semble,* that it was not necessary for the defendant to show that the attached property had not been applied upon the judgment in order to entitle him to move to vacate the attachment. The fact of such application is a matter of defense.

Section 638 of the Code of Civil Procedure, which provides that the warrant may be granted "to accompany the summons or at any time after the commencement of the action," justifies the inference that no proof in the first instance of the issue of the summons is requisite.

APPEAL by the plaintiff, August Belmont, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of January, 1903, granting the defendant's motion to vacate a warrant of attachment theretofore granted in the above-entitled action.

The warrant of attachment herein was granted on June 5, 1894. The attachment affidavit sets out the loan from the plaintiff to the defendant of $10,000 on February 1, 1893, for which the defendant executed and delivered to the plaintiff its promissory note for that sum; and states that the defendant is a foreign corporation; that $10,304 is due above all counterclaims and that the summons had been issued. The motion to vacate the attachment is made for supposed insufficiency of proof on these points.

The attachment affidavit was by the plaintiff's attorney, "for the reason," as therein said, "that the plaintiff is absent from the city of New York," and it recites as grounds for information and belief a personal statement made by the plaintiff to the attorney, and the fact that the latter had "had personal charge for nearly a year last past of the said claim on behalf of the plaintiff." The defendant moved to vacate both on the attachment papers and on the judgment recovered in the action on November 20, 1902.

Such judgment recites that the defendant is a "foreign corporation;" that the summons and complaint were served without the State pursuant to an order to that effect; and that the plaintiff on November 19, 1902, made application to this court for judgment, and an order was "thereupon made awarding judgment to the said plaintiff for $10,304, and interest."

The plaintiff on the return of the motion sought to sustain the attachment by new affidavits, but these, on objection, were rejected upon the ground that the motion was made upon the original papers and the plaintiff was not entitled to have admitted new proof in support of his attachment. The Special Term accordingly vacated the attachment and from the order so entered this appeal is taken.

*Henry W. Hardon,* for the appellant.

*R. Burnham Moffat,* for the respondent.

O'BRIEN, J.:

The proof as to the making and delivery of the promissory note was sufficient; and the contentions at the Special Term related to the other matters covered by the attachment affidavit and were, principally, whether or not the defendant is a foreign corporation, whether the amount specified was due above all counterclaims, and

whether the summons had been issued. In these particulars the defendant insisted that the proof to support the attachment was insufficient.

In determining the strength of these contentions, the first question for consideration is the one which was resolved adversely to the plaintiff, namely, whether in moving upon the original affidavits, and also on the judgment, the defendant opened the door, under section 683 of the Code of Civil Procedure, for the admission of new proof in support of the attachment. The learned judge, at Special Term, held that no right had been conferred by the defendant upon the plaintiff to offer additional affidavits; and, in his opinion, said: " Where an affidavit is offered merely to show the party's right to move or to excuse laches, no right is thereby conferred on the opposing party to offer other affidavits in support of the attachment. (*Trow's Printing, &c., Company* v. *Hart*, 85 N. Y. 500; *Steuben County Bank* v. *Alberger*, 75 N. Y. 179.)"

With respect to these cases it is first to be observed that they both relate to motions made by subsequent lienors or transferees, and not by a defendant. Where the former move, it is necessary under the Code to show before doing so that the lienor has a status, and this requires proof that he has a lien on the property attached. We find, however, no such condition imposed upon a defendant who from his position in the action has a right, without more appearing than that he is a defendant, to move to vacate an attachment. It is true that if he should delay, and in the meantime it appeared that the property levied upon under the attachment had been applied upon the judgment recovered in the action, this would result in a denial of his motion. Such facts, however, it is unnecessary for him to show for the purpose of moving, but rather they would be a matter of defense to the motion, and, seemingly, it would be necessary for the plaintiff to prove them in order to resist an attack made by the defendant upon the attachment. If so, then the defendant's motion was founded upon proof in addition to the original affidavit, and this opened the door for new affidavits by the plaintiff in support of his attachment.

Without deciding this question, however, and assuming that it was necessary for the defendant before moving to establish a status by showing that the attached property had not been applied on the

judgment, we think it but right that he having moved on the judgment, such judgment was as available to the plaintiff as it was to him in establishing any facts of which it furnished the proof. In other words, the judgment was used upon the motion, and no limitation having been fixed by the notice of motion, it was before the court for what it was worth. So considered we think its effect was to supply the defects in the proof in the respects in which it was insisted that the original affidavit was defective. Thus the judgment recites that the defendant is a "foreign corporation," and it shows that the plaintiff had a cause of action against the defendant for the breach of an express contract for the payment of money and for the identical sum alleged in the warrant to be due. In this manner the amount for which the plaintiff was entitled to recover above all counterclaims is shown. The entire judgment roll is not printed; but it being one of our own records we have a right to assume that the facts recited in the judgment are supported by sufficient proof. That is to say, the defendant having moved on a copy of the judgment which presumably was regularly entered, the further presumption that it was entered upon sufficient proof to support its recitals may be indulged in. At all events it may be viewed as containing admissions made by the defendant who moved upon it and used it presumably on the strength of its validity as a basis to establish his status to make the motion, thereby affirming its verity.

Regarding the statements in the judgment as admissions by the defendant, the jurisdictional defects upon which the defendant particularly relied were supplied, as we have endeavored to point out.

With respect to the summons all that need be said is that section 638 of the Code of Civil Procedure provides that the warrant may be granted "to accompany the summons or at any time after the commencement of the action," from which the inference may be drawn that no proof in the first instance of the issue of the summons is requisite. That section further provides for the service of the summons within thirty days after the issue of the warrant. Here the attachment was granted June 5th, 1894, and service on June 30th, 1894, is recited in the judgment.

We have examined the minor objections, but do not think they require to be specially mentioned more than to say that we regard them as without merit. The long time that has elapsed and the fact

that the motion was not made until after the judgment was recovered, and then only upon the papers on which the motion was made, require that we should indulge in every reasonable presumption to support the attachment. We think the defendant's motion to vacate the attachment should have been denied.

The order appealed from should accordingly be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.