LOUIS TIM et al., Respondents, *v.* CLINTON H. SMITH.

THOMAS BOYD et al., Respondents, *v.* THE SAME, Defendant.

NICHOLAS SCHROEDER et al., Appellants.

To sustain an application under the Code of Civil Procedure (§ 682) by one claiming a lien, as an attachment creditor, to vacate a prior attachment, it is necessary for him to establish, by legal evidence, a subsequent valid levy under his attachment upon the same property covered by the prior attachment.

The opinion of his attorney that the subsequent lien has been secured, although put in the form of an affidavit, is not sufficient.

*Ruppert* v. *Haug* (87 N. Y. 141), and *Steuben County Bank* v. *Alberger* (78 id. 252), distinguished.

Upon such an application it appeared that, after the prior attachments were issued, and apparently before the attachment of the moving creditor came into the sheriff's hands, an agreement was entered into between the prior attachment creditors and the assignee of the attachment debtor, by which the former impliedly abandoned any attempt to perfect a levy upon the property in question, in consideration of the agreement upon the part of the assignee to hold the sum of $10,000, and to pay it over to them in case they eventually obtained judgment in their attachments suits, and said attachments had not, in the meantime, been vacated. The sheriff who held the attachments also made affidavit that he had not levied upon or acquired any lien by virtue of any of the attachments. The affidavits presented by the moving creditor were simply those of attorneys averring that the sheriff did levy upon property under said attachments, without disclosing their means of knowledge, the time when, or the property upon which the pretended levy was made. *Held*, that the opposing affidavits

amounted simply to the opinions of the affiants and did not constitute sufficient proof of the fact alleged to raise a question of evidence as to its existence ; that, therefore, it appeared conclusively that neither the moving nor the opposing creditors had liens upon the property in question or upon any property of the debtor ; and that the former had no legal interest in the question as to the validity of the prior attachment.

(Submitted June 19, 1883 ; decided June 26, 1883.)

APPEALS from orders of the General Term of the Court of Common Pleas in and for the city and county of New York, made May 18, 1883, which reversed orders of Special Term vacating, upon motion of persons claiming as subsequent attachment creditors, attachments issued in each of the causes above entitled.

The material facts are stated in the opinion.

*Adolph Ascher* for appellants. The order of the Special Term having been rendered solely upon the ground that the moving party was not entitled to make the motion, the question presented is one of absolute legal right, and is appealable to this court. (*Allen* v. *Meyer*, 73 N. Y. 1.) When there is an entire absence of facts justifying the granting of an attachment this court will entertain an appeal from an order sustaining it. (*Allen* v. *Meyer*, 73 N. Y. 1 ; *Steuben Co. B'k* v. *Alberger*, 78 id. 252, 258.) The affidavit of the attorney for the subsequent attaching creditors was in all respects sufficient to entitle them to make the motion to vacate the prior attachments. (Code of Civil Procedure, § 682 ; *Steuben Co. B'k* v. *Alberger*, 75 N. Y. 179 ; 78 id. 257 ; *Ruppert* v. *Haug*, 87 id. 141 ; *Jacobs* v. *Hogan*, 85 id. 243 ; *Trow Printing Co.* v. *Hart*, id. 500.) The affidavits on which the attachments were granted were wholly insufficient to authorize the granting thereof. They did not furnish any legal evidence of a fraudulent disposition of property. (*Mott* v. *Lawrence*, 17 How. 559 ; *O'Reilly* v. *Freel*, 37 id. 272 ; *Connell* v. *Lascelles*, 20 Wend. 77 ; *Miller* v. *Brinkerhoff*, 4 Denio, 120.) A preferential assignment cannot be treated as a fraudulent disposition

of the property of the debtor merely because, shortly before its execution, he purchased goods upon false representations as to his solvency. (*Talcott* v. *Rosenthal*, 22 Hun, 573 ; *Achelis* v. *Kalman*, 60 How. 491.) Even if the assignment, however, were constructively fraudulent, so that upon a creditor's bill it might be set aside as fraudulent against creditors, in the absence of any evidence of actual fraud, this would not justify the granting of an attachment under the Code. (*Place* v. *Miller*, 6 Abb. [N. S.] 178 ; *Belmont* v. *Lane*, 22 How. 365 ; *Denzer* v. *Munday*, 5 Robt. 636 ; *Achelis* v. *Kalman*, 60 How. 491 ; *Milliken* v. *Dart*, 26 Hun, 24.)

*Otto Horwitz* and *Daniel Clark Briggs* for respondents. On a motion by a junior attaching creditor to vacate a prior attachment he must show that he has a good and valid attachment and lien upon the property attached. (Code of Civil Procedure, § 682 ; *Davis* v. *Brooks*, 14 W'kly Digest, 454.) An attachment cannot be levied upon property in the hands of a general assignee not subject to manual delivery and seizure. (*Thurber* v. *Black*, 50 N. Y. 80 ; *Smith* v. *Longmire*, 24 Hun, 257.) The purchase of goods accompanied by false representations indicates a scheme of fraud of which the assignment will be deemed a part. (*Talcott* v. *Rosenthal*, 22 Hun, 574 ; *Kennedy* v. *Thorp*, 3 Abb. Pr. [N. S.] 132, 135, 136.) The assignment was absolutely void. The statute requires the assignment to be duly acknowledged before delivery. An imperfect acknowledgment is no acknowledgment. (*Hardman* v. *Boardman*, 39 N. Y. 196.) A judge sitting in the same capacity and possessing the same powers as another cannot and ought not to interfere with or overrule the discretion of the latter. (Code of Civil Procedure, § 683 ; *Kamp* v. *Kamp*, 59 N. Y. 212 ; 75 id. 179.) There being no attack upon the regularity or perfection of the papers, except the sufficiency of the affidavit, Judge VAN BRUNT having exercised his discretion, another chambers judge could not overrule it. It can only be reviewed at General Term. (*Hallgarten* v. *Eckert*, 1 Hun, 117 ; 2 Sweeney, 729.)

RUGER, Ch. J. In each of the above-entitled actions the appellants, who were junior attaching creditors, sought to set aside and vacate prior attachments obtained by the respective respondents, and claimed to have been levied upon the property of the defendant, Clinton H. Smith, an insolvent debtor.

The motion was founded upon the alleged insufficiency of the affidavits upon which the prior attachments were allowed, and the allegation that the appellant had acquired a lien by virtue of a subsequent attachment upon the same property covered by the prior attachments. The only proof of the latter fact was contained in an affidavit made by the appellant's attorney, and entitled in the above actions, reading as follows : ": That he is attorney for the plaintiffs in an action brought in this court, in which Nicholas Schroeder and Henry C. Seavers are plaintiffs, and the above-named defendant is defendant ; that on or about the 17th of March, 1882, an attachment against the property of the defendant was granted in said action by Hon. Charles H. Van Brunt, one of said justices, and the said warrant duly issued to the sheriff of the city and county of New York, who has by virtue thereof attached the property of the said defendant. That the said attachment is in force and said action is now pending. That prior to the issuing of the same, and on or about the 9th day of March, 1882, an attachment was granted, in the above action, against the property of the defendant, and by virtue thereof the sheriff of the city and county of New York attached the property of said defendant, being the same property attached by the attachment in the case in which deponent is plaintiff's attorney. That the attachment herein constitutes a prior lien to that referred to herein."

The question was raised in the court below that the affidavit furnished no sufficient evidence of the fact that the appellant had acquired a lien upon the same property covered by the prior attachments. We think, for several reasons, that the point was well taken. It does not appear by the affidavit quoted, which attachment was first levied upon the property in question. The date of the respective levies is not given, and the last clause of the affidavit purporting to furnish this infor-

mation is indefinite and equivocal. The only proof of either of the levies in question is contained in this affidavit of the attorney, and he does not therein disclose the source of information upon which his statements are predicated. He does not even state that the attachment was duly issued, or that the several levies were duly made. Such an affiant does not necessarily have knowledge of, and cannot be presumed to know the several facts attempted to be established by his affidavit in this case. Their existence depends not only upon the official action of several persons acting independently of each other, but also upon the legal sufficiency of the papers upon which their action was based. It is difficult to see how an attorney can acquire such knowledge of the several facts required to be proved on this motion, as entitles him to give legal evidence of their existence.

Proof of a subsequent valid levy upon the same property covered by the prior attachment is a necessary condition to the right of a subsequent creditor to initiate a proceeding to vacate the prior attachment. (Code of Civil Procedure, § 682.) Until this fact is established by legal evidence he is a mere stranger, having no right to intervene. The opinion of an attorney that a lien has been secured, although put in the form of an affidavit, falls short of the evidence required to establish the jurisdictional fact entitling a general creditor to interfere in the disposition of his debtor's property.

In *Ruppert* v. *Haug* (87 N. Y. 141) and *Steuben County Bank* v. *Alberger* (78 id. 252) the party intervening was a judgment creditor, and his lien was secured by a levy upon execution. A manifest distinction has always been made between the position of judgment and general creditors. The authorities referred to by the appellant, therefore, do not support the propositions to which they were cited.

But a still more serious objection to this motion is disclosed by other undisputed facts. After the prior attachments were issued, and apparently before the attachment of the moving creditor had come into the sheriff's hands, an agreement in writing was entered into between the plaintiffs in the prior

attachments and the assignee of the insolvent debtor, by which said plaintiffs impliedly abandoned any attempt to perfect a levy upon the property of the debtor, in consideration of the agreement upon the part of the said assignee to hold the sum of $10,000 in his hands and to pay it over to the plaintiffs in the prior attachment suits in case they eventually obtained judgment in such suits, and said attachments had not in the meanwhile been vacated and set aside. This agreement is supplemented by the affidavit of the sheriff holding each of the several attachments referred to in these proceedings, verified on the 7th day of April, 1882, and alleging not only that he had not levied upon, or acquired a lien upon any property by virtue of either of said attachments, but that he had never been able to discover property of the defendant in such attachments liable to be levied upon. There is no legal evidence in the case tending to controvert either the agreement or the facts stated in the affidavit of the sheriff. The affidavits of the several attorneys, produced by the moving creditor, stating that the sheriff did levy upon property under said attachments, without disclosing their means of knowledge, or the time when, or the property upon which the pretended levy was made, amount simply to the opinions of the affiants, and do not constitute sufficient proof of the fact alleged, to raise a question of evidence as to its existence.

It, therefore, conclusively appears that neither the appellant nor the respondents in this appeal have liens either upon the same, or upon any property belonging to their mutual debtor, and that the appellant has no legal interest in the question as to the validity of said prior attachments. Such attachments do not stand in the way of the levy of the appellant's attachment upon any property which he may discover liable to be seized thereon. The appellant can have no interest in the agreement made between the assignee of the debtor and the prior attachment creditors, for the reason that the only obligation of the assignee thereunder is to the prior attaching creditors, and such obligation cannot inure to the benefit of other parties. The sheriff has never had possession of, or any inter-

est in the moneys thereby agreed to be retained and paid over by the assignee ; and the only effect of that contract is to create a liability upon the part of the assignee, to the prior attaching creditors, upon the happening of the contingencies therein provided for. The sheriff can maintain no action upon, and has no rights under such agreement. So far as his attachment proceedings are concerned the appellant's interest in the property of his debtor can be reached or secured only through his process in the hands of the sheriff, and that is ineffectual to reach a right of action secured by contract to the prior attaching creditors alone. It thus appears quite evident that the appellant has not brought himself within the requirements of the Code entitling him to move to vacate a prior attachment.

The orders should, therefore, be affirmed with costs.

All concur, except ANDREWS, J., absent.

Orders affirmed.