Lawrence, J
This is a motion made by Bache, a prior attaching creditor, to vacate the attachment heretofore granted in the case of Ole Knudson against the defendant. It was held by the court of appeals in the case of Tim agt. Smith (93 N. Y. Rep., 87), that to sustain an application by one claiming a lien as a junior attaching creditor to vacate a prior attachment, it is necessary for him to establish by legal evidence a subsequent valid levy under his attachment upon the same property covered by the prior attachment, and that the opinion of the attorney for the party making such application that the subsequent lien has been secured, although put in the form of an affidavit, is not sufficient. In this case the affidavit is made by the managing clerk in the office of the attorney for the junior attaching creditor Bache, in which affidavit such clerk, referring to the levying of the prior attachment, states that thereafter on the 2d day of December, 1884, an attachment was issued in the second above entitled action against the property of said defendant, the Matuska & Craig Furniture Company, to said sheriff; that said sheriff, through his deputy, levied, on the 3d day of December, 1884, upon the same property theretofore levied upon by him under the attachment in the first above entitled action, “ as I am informed and verily believe.” He then goes on to state that the facts herein recited were obtained from Thomas Brady, the deputy sheriff having charge of and who made said levies, and that the reason why an affidavit is not produced from said deputy is, that while he admitted that the statements regarding the facts recited herein are true, he is unwilling to make the affidavit. I do not think that this affidavit sufficiently shows that Bache, the junior attaching creditor, has a good and valid lien upon the property attached, enabling him to attack and vacate the attachment issued in the suit of Knudson (See Tim agt. Smith, 93 N. Y., 87). The affidavit of the managing clerk does not, in my opinion, furnish proof that a *154 lien has been established by Bache. His affidavit proceeds upon the theory that the admission made by the deputy sheriff is true, and it is sought to excuse the failure of the moving party to produce the affidavit of the deputy sheriff, showing precisely what the deputy sheriff did under the second attachment, by stating that he, the deputy sheriff, is unwilling to make an affidavit. The case of Bennett agt. Edwards (27 Hun, 352) is cited by the counsel for Bache as showing that the affidavit in this ease is sufficient. But that case was a very different case from this. There a clerk of the defendant who had himself brought an action, and obtained an attachment, and who had positive knowledge of many facts and circumstances tending to show an intent to cheat and defraud the creditors, was requested by the attorney for the plaintiff to make an affidavit stating the facts as stated in his own affidavit, but he refused. The court there said, “ he was seeking to secure his own claim, and did not care to have it embarrassed by others. Hnder these circumstances, we think the plaintiff should be excused from procuring an affidavit from Smith. The affidavit already made by him is on file in the office of the clerk of the county, and the person making the affidavit upon which the attachment was issued refers to such affidavit, quotes it in this affidavit and states that to be the source of his information, and that he verily believes it to be true.” It will be seen that in that case the party from whom the information was derived had already made an affidavit as to the facts in his own case, which affidavit was on file and could readily be examined. In this case the clerk who makes the affidavit knows nothing of the circumstances, and relies upon the alleged admission made to him by the deputy sheriff. I do not think that such a state of facts excuses a failure to comply with the general rule, which is that the facts upon which an attachment is obtained should be stated upon positive knowledge, but that when from the circumstances of the case they cannot be so stated, they may be stated upon information and belief, giving the names of the *155 persons and of the sources from which the information is derived, and the reasons why the affidavits of those having positive knowledge cannot be procured. In that-case, too, there had been a positive refusal by Smith to make an affidavit. In this case it is simply stated that the deputy sheriff is unwilling to make an affidavit. In that case, also, there was a sworn statement as to the material facts by a person having knowledge of them, which sworn statement the party applying for the attachment also swore he believed to be true. In this case we have nothing but au alleged admission by the deputy sheriff. We have no affidavit as to the facts. Whether the admission of the sheriff was of the force and effect sworn to by the managing clerk, we have no means of ascertaining. Hot a single fact stated by the deputy sheriff in making the alleged admission is put before the court. The attachment rests, therefore, upon the statement of the managing clerk that the deputy sheriff has made a certain admission. The court cannot determine whether that information is correct or incorrect. Under the rule laid down in Tim agt. Smith (93 N. Y., 87, supra), aud in the same case (65 How. P. R., 199), I am of the opinion that Bache has not put himself in a position to attack the validity of the prior attachment in the case of Knudson against the same defendant. For these reasons it is unnecessary to examine the numerous other questions which were discussed upon the argument, and I am of the opinion that the motion to vacate the attachment should be denied, with costs.