Per Curiam.
—(McAdam, Ch. J., and Nehrbas, J.)—The defendants did not move against the attachment, and what might have been done on their application, if they had made one, need not be considered. The motion to vacate was made by subsequent attaching creditors, and before their application could be entertained they were bound to prove by competent evidence that they had acquired a valid lien or interest in the property attached. The attachment of the moving parties (the subsequent creditors), seems to have been obtained upon the same facts upon which the plaintiffs obtained their attachment. If the one is good, so is the other. There is, therefore, neither equity nor propriety in vacating that prior writ, that the subsequent one, founded on no better right, take precedence. Tim v. Smith, 3 Civ. Pro. Rep., 347; affirmed 93 N. Y., 87; Williams v. Waddell, 5 Civ. Pro. Rep., 191. The moving parties (subsequent creditors) also claim that judgment was recovered by them, but the ra)1 not printed in the record, nor is it recited in the order appealed from as' one of the papers used upon the motion in the court below. The proofs presented do not comply with the requirements of the practice laid down in the two cases cited, and fail to give the applicants any right to priority. The application made below ought to have been denied on this ground, if no other. For these reasons the order appealed from must be reversed, with costs.