## EVERITT *v.* EVERITT MANUF'G CO.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

ATTACHMENT—MOTION TO VACATE—JUNIOR ATTACHING CREDITORS.

A motion by junior attaching creditors to set aside a prior attachment was made on an affidavit by one of their attorneys, which recited the proceedings on the respective attachments, and the liens of the parties thereunder, but did not disclose the sources of his information, and did not aver that the levy of the attachment had been duly made. *Held*, that this was not legal evidence of the facts so stated, and the motion was properly denied.

Appeal from special term, New York county.

Action by Percival Everitt against the Everitt Manufacturing Company. Plaintiff having obtained a warrant of attachment against defendant's property, Isaac F. Denzi and John K. Phillips, claiming a lien upon it, under an attachment subsequently obtained by them, moved to set aside plaintiff's attachment, on an affidavit made by one of their attorneys, stating that he had charge of the action in their behalf, alleging the procuring and issue on behalf of said Denzi and Phillips of a warrant of attachment against the property of defendant, and referring to copies annexed of the warrant, and the

affidavits and undertaking on which it was granted, and alleging that it was "levied upon property of the defendant." The affidavit further averred that, theretofore, on a day named, "the warrant of attachment herein was granted on behalf of plaintiff, Percival Everitt, president of the defendant, and a levy thereunder was made upon property of defendant, such property being the same property upon which the levy was made under the said warrant issued on behalf of said Denzi and Phillips, and defendant's said property was in possession of the said sheriff under the plaintiff's warrant when the said warrant in said action by Denzi and Phillips was delivered to said sheriff, and is now in possession of said sheriff under said two warrants; that said Everitt. the plaintiff herein, has a lien under his said warrant of attachment upon the property of defendant so levied upon as aforesaid, which is prior to the lien of said Denzi and Phillips under the said warrant of attachment." From an order denying the motion to vacate plaintiff's attachment, Denzi and Phillips appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Arthur R. Robertson,* for appellant. *John C. Coleman,* for respondent.

VAN BRUNT, P. J. The language of the court in the case of *Tim* v. *Smith,* 93 N. Y. 87, is singularly applicable to the affidavits in question herein, and shows that the motion was correctly decided below. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.