### BANK OF PITTSBURGH *v.* MURPHY.

(*Supreme Court, General Term, First Department.*   April 14, 1892.)

DISCOVERY—EXAMINATION BEFORE TRIAL—AFFIDAVIT.

> An affidavit made by the clerk of plaintiff's attorney is not sufficient to justify an order for the examination of defendant before trial, where it is not shown that the facts therein were within the personal knowledge of the clerk or attorney, and no reason is given why they were not furnished by plaintiff.

Appeal from special term, New York county.

Action by the Bank of Pittsburgh against Charles C. Murphy on an acceptance of a bill of exchange. From an order denying a motion to vacate an order for defendant's examination before trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Carrington & Emerson,* for appellant.   *B. D. Silliman* and *F. A. Ward,* for respondent.

PER CURIAM.   The order for the examination of the defendant before trial was made upon the affidavit of the clerk of the plaintiff's attorney.   Neither the complaint nor the affidavits specify any facts or circumstances showing the necessity or materiality of the examination which is required by section 872 of the Code and rule 83 of the rules of practice.   If, however, we regard the affidavit as formally correct, the objection, based upon the circumstance that it is made by the clerk of the plaintiff's attorney, who is not shown to have been cognizant of the necessary facts or circumstances, we regard as fatal.   The Code requires that the necessary facts should be presented by affidavit; and this would be a useless formality if, by mere formal averments, any person, whether acquainted with the facts or not, could make the same and use it as the basis for an application of this character.   Where the plaintiff himself, who is presumed to have some knowledge of the fact, or, in the case of a corporation, its officers, do not make the affidavit, some reason should be furnished for the absence of a statement of the knowledge possessed by them, or a statement that the facts sought to be obtained by the examination are not within their knowledge or accessible.   In other words, what the court requires is the best or legal evidence of the facts essential to justify the order.   The criticism upon the affidavit of an attorney in the case of *Tim* v. *Smith,* 93 N. Y. 91, is applicable here.   Such an affiant does not necessarily have knowledge of, and cannot be presumed to know, the several facts attempted to be established by his affidavit in this case.   Their existence depends, not only upon the official action of several persons acting independently of each other, but also upon the legal sufficiency of the papers upon which their action was based.   It is difficult to see how an attorney can acquire such knowledge of the several facts required to be proved on this motion as entitles him to give legal evidence of them.   Here the affidavit fails to show what knowledge the plaintiff's officers have about the cause of action; nor is there anything therein to indicate that the attorney, or the deponent, his clerk, ever made any inquiry of the bank's officers upon that subject.   We think, therefore, that the affidavit was clearly insufficient to justify the order, and it should be reversed, with $10 costs and disbursements.