WILLIAM T. KNORR, as Administrator, etc., of CHARLES KNORR, Deceased, Appellant, *v.* THE NEW YORK STATE MUTUAL BENEFIT ASSOCIATION, Respondent.

*Motion to vacate a warrant of attachment — when it may be made by a receiver — competent affidavit — a waiver of a defect in a complaint by the corporation does not conclude the receiver.*

Upon a motion to vacate a warrant of attachment it was shown that the person making such application had been appointed temporary receiver of the defendant in the action wherein the attachment had been granted, and had duly qualified by giving the security required by the order of his appointment, and filing the same in the office of the clerk, with the required oath of office, and that he . had ever since and still continued to act as such receiver.

*Held,* that the interest of the receiver in the property attached was sufficiently shown to entitle him to move for an order vacating such attachment.

Upon an application for an order vacating a warrant of attachment granted in an action, it is competent to show by affidavit that nothing has been collected by the plaintiff therein under the attachment, and that a motion had been made by such plaintiff for leave to apply the property attached in payment of his judgment, upon which an order was issued staying the proceedings until the hearing and determination of such motion to vacate the attachment, provided such facts are within the personal knowledge of the affiant.

Although a corporation may have waived a defect in the complaint in an action brought against it, the receiver of such corporation, representing, as he

does, the creditors thereof, has the right to allege that such complaint fails to state a good cause of action, upon a motion made by him for an order vacating a warrant of attachment granted in such action upon such complaint and the affidavits of the plaintiff and his attorney.

In an action brought to recover the amount of a death claim from a mutual benefit association, proof that moneys collected by such mutual benefit association to pay the death claims of members thereof, were paid out to the representatives of deceased members whose claims had matured subsequently to that of the plaintiff in such action, does not show that the association has disposed of or secreted its property with intent to defraud its creditors, and will not entitle the plaintiff to a warrant of attachment.

APPEAL by the plaintiff, William T. Knorr, as administrator, etc., of Charles Knorr, deceased, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Cattaraugus on the 2d day of February, 1894, vacating a warrant of attachment heretofore granted in this action, and overruling the preliminary objections of the plaintiff to the granting of such order.

*William H. Henderson*, for the appellant.

*Louis Marshall*, for the respondent.

HAIGHT, J.:

The warrant was issued upon the ground that the defendant had assigned, disposed of, secreted, and is about to assign, dispose of and secrete, property with intent to defraud its creditors. The motion to vacate was made by one David McClure as receiver of the defendant appointed by the court in an action prosecuted by the People of the State to dissolve and wind up the affairs of the corporation, and was based upon the papers upon which the warrant was granted. When the motion was brought to a hearing the appellant objected upon the ground that the moving party had failed to show by any legal proof that there had not been an actual application of the attached property or the proceeds thereof to the payment of the judgment in the action prior to making the motion, and that he had failed to show that he had any interest in or lien upon the property attached under the warrant. These objections were overruled, and, we think, properly. For it appeared by the affidavit of McClure that he was appointed temporary receiver on the 12th day of January, 1893, by the court in the action referred to; that he had duly

qualified by giving the security required by the order, and filing the same in the office of the clerk with the oath of office required ; and that he had ever since acted and was still acting as such receiver. Attached thereto was a copy of the order of the court appointing him such receiver.

It also appears by the affidavit of Horan that nothing as yet had been collected by the plaintiff under the attachment, and from the affidavit of Marshall that a motion had been made by the plaintiff for leave to apply the property attached in payment of his judgment upon which an order was issued staying proceedings until the hearing and determination of this motion.   It was competent to show these facts by affidavit provided they were within the personal knowledge of the affiants.   (*Delmore* v. *Owen*, 44 Hun, 296 ;' affd., 110 N. Y. 679 ; *Tim* v. *Smith*, 93 id. 87.)

It is also contended that the moving party was guilty of *laches.* Upon this subject the parties were permitted to present their affidavits, and although considerable time had elapsed after McClure was appointed receiver, under the facts stated by him, we think there was proper excuse for the delay.

We are thus brought to a consideration of the papers upon which the warrant was issued.   It appears to have been issued upon the complaint, the affidavit of the plaintiff and of Inman, his attorney.

It appears that on the 20th day of June, 1881, Charles Knorr, the plaintiff's testator, joined the defendant and had issued to him a certificate of membership in class A for $2,000, numbered 165, in which the defendant certified that " This membership entitles his wife Louisa, if she survives him, otherwise his executor or administrator, upon the death, of said Charles Knorr, to such an amount as will equal one dollar collected from each member on the assessment made for the payment thereof, not, however, to exceed the sum of $2,000; said amount payable within 60 days after satisfactory proof of said death has been received by the association." The plaintiff alleges that Charles Knorr died on the 31st of January, 1892, leaving a last will and testament, which has been duly admitted to probate, and that the plaintiff had been duly appointed administrator with the will annexed by the Surrogate's Court of Cattaraugus county.   Neither the complaint nor the affidavits make any mention of the wife of the testator, so we are not advised as to

whether she is living or dead. If she survived the testator the money due upon the certificate from the defendant belonged to her and not to the executor or administrator of the testator. In this respect it is apparent that there was a failure to state a good cause of action. But it may be said that the defendant has waived this defect in the papers by resting upon its rights and permitting the plaintiff to enter judgment. Possibly this may be true as to the defendant, but McClure, as receiver, represents not only the defendant, but the creditors as well, and as such we see no reason why he may not avail himself of the defect unless he has waived the same because of his *laches.* But assuming the papers to be sufficient so far as this question is concerned, we find further trouble in sustaining the attachment. As we have seen, it was issued upon the ground that the defendant has assigned, disposed of and secreted, and is about to assign, dispose of and secrete, property with the intent to defraud its creditors.

It appears from the affidavits upon which the warrant was issued that the plaintiff presented to the defendant proofs of death ; that they were accepted and an assessment was ordered under date of July 1, 1892, for the plaintiff's claim and that the full amount was paid into the office of said company.

It further appears from the statement of the officers of the defendant to the plaintiff's attorney, that, instead of paying over the money to the plaintiff, that the same was paid out upon death claims of members resident in the city of Syracuse and vicinity, whose claims had matured subsequently to that of the plaintiff. Was this a disposing of or secreting the property of the corporation with intent to defraud creditors ? We think not. If the money collected upon the assessment belonged to the corporation it appears that it was applied in the payment of its debts. Its creditors, therefore, could not have been defrauded. If the money collected upon the assessment belonged to the plaintiff, as claimed, and the officers received it in trust for him and diverted or converted it, the plaintiff may have a remedy against them for so doing, but we do not understand that he would be entitled to an attachment against the corporation upon the grounds stated by reason of such conversion by the officers thereof. Whether the money so collected upon the assessment belonged to the plaintiff or to the corporation it is not

necessary to now determine, for in neither event could an attachment issue upon the grounds stated in it.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.