## BRADLEY v. INTERSTATE LAND & CANAL CO. *et al.*

1. Under Comp. Laws 1897, § 4993, as amended by Session Laws 1895, Chap. 67, which provides that in all actions against corporations created by

and under the laws of any other state which have not "complied with the laws of this state relative to the appointment of agents upon whom service of process may be made * * * the plaintiff at the time of issuing the summons or at any time afterward may have the property of such * * * corporation attached as a security for the satisfaction of such judgment as the plaintiff may recover," and Section 4995, which provides that a warrant of attachment may issue upon affidavit of the plaintiff or his attorney stating that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof, and that the defendant is either a foreign corporation or not a resident of this state, it is not incumbent on the attaching creditor to state in his affidavit that the corporation has not complied with the laws of the state relative to the appointment of an attorney on whom service of process may be made; but the burden of proving the fact that the corporation has complied with such requirement rests upon it, and, if shown, deprives the creditor of his right to the attachment.

2. Comp. Laws 1887, Section 4993, as amended by Session Laws 1895, Chap. 67, is not so inconsistent with Comp. Laws, § 4995, as to repeal the latter section.

3. A junior attaching creditor, to sucessfully attack a prior defective attachment, must affirmatively show that every step of his own proceedings by which he acquired a lien upon the property was regular and in accordance with law.

4. Where it does not affirmatively appear from the record that an objection raised on appeal was not made on the trial in the court below, and it does not appear from the record on what ground the court below made its order, it is the duty of the supreme court to sustain the trial court, if there is any ground disclosed by the record on which the order appealed from could have properly been made.

FULLER, J., dissenting.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Attachment proceedings by Thomas Bradley against the Interstate Land & Canal Company and others. George A. Fletcher, a junior attaching creditor, moved to discharge plaintiff's attachment on the ground that the same was defective. His motion was denied, and he appealed. Affirmed.

*G. M. Cleveland,* for appellant.

In an affidavit for attachment against a foreign corporation it is necessary to allege that it has not complied with the law of this state relative to the appointment of agents upon whom service of process may be had. Chap. 67, Laws 1895.

*Martin & Mason,* for respondent.

The amendment, Chap. 67, Laws 1895, did not by implication repeal § 4995. (Subdiv. 2,) Comp. Laws, stating what the affidavit for attachment must contain.

CORSON, P. J. This is an appeal from an order denying the motion of one George A. Fletcher, claiming to be a subsequent lienholder, to discharge an attachment issued in behalf of Thomas Bradley, plaintiff in this action, and under which the property of the Interstate Land & Canal Company, a corporation, was attached. Bradley, the plaintiff, instituted an action in the circuit court of Lawrence county against the corporation and one Francis C. Grable to recover the sum of about $25,000, claimed to be due on account of notes and drafts executed by the corporation and indorsed by Grable. The warrant of attachment was issued upon the affidavit of the attorney and agent of the plaintiff, who, after setting out the indebtedness and grounds thereof; makes the following statement: ''That the defendant Francis C. Grable is a non-resident of, and is not now in the State of South Dakota; that the defendant the

Interstate Land & Canal Company is a foreign corporation, and organized under the laws of New Jersey." Upon this affidavit and undertaking in the usual form a warrant of attachment was issued, under and by virtue of which all the real estate of the corporation situated in Fall River county was attached. Subsequently the appellant, George A. Fletcher, commenced an action against the Interstate Land & Canal Company, and claimed to have caused a warrant of attachment to issue, under which the same property was attached; and thereupon he served upon the attorneys of Thomas Bradley a notice that he would move to discharge the plaintiff's attachment against the defendant Interstate Land & Canal Company, in the above-entitled action, upon the ground that the affidavit for an attachment in the said cause did not state facts sufficient to entitle the plaintiff to an attachment against the said defendant, the Interstate Land & Canal Company. The motion to discharge the attachment was denied by the court in general terms, it assigning no grounds upon which its order was based. The appellant contends that the learned circuit court erred in denying said motion, for the reason that the affidavit for which the warrant of attachment issued in the case of Thomas Bradley against the defendants was insufficient, in this: that it is not stated in said affidavit that the said Interstate Land & Canal Company, a corporation, "has not complied with the laws of this state relative to the appointment of agents upon whom service of process may be made." This contention on the part of the appellant is met by the respondent by two propositions: (1) He claims the affidavit contains all the statements required by Section 4995, Comp. Laws; and (2) he claims it did not sufficiently appear upon the hearing of the motion that the said appellant had acquired such

a subsequent lien upon the property as entitled him to make this motion.

The affidavit upon which the warrant of attachment was issued in this case follows the language of Section 4995, and is undoubtedly sufficient, unless that section has been modified or changed by the amendment made in 1895 to Section 4993, as appears by Chapt. 67 of the Session Laws of that year. The title of that act is as follows: "An act to amend section one hundred and ninety-seven (197) of the Code of Civil Procedure, being Section 4993 of the Compiled Laws of 1887, as amended, relating to attachment." By Section 1 of that chapter it is provided that said section be amended to read as follows: "In all actions against corporations created by and under the laws of any other territory, state, government, or country, which have not complied with the laws of this state relative to the appointment of agents upon whom service of process may be made, * * * the plaintiff at the time of issuing the summons or at any time afterward may have the property of such * * * corporation attached in the manner hereinafter prescribed as a security for the satisfaction of such judgment as the plaintiff may recover. * * *" It will be observed that in the title of the act, and by the provisions of the first section of the same, the only section proposed to be amended is Section 4993. There is no amendment, in terms, of Section 4995, nor is there any reference thereto in the said chapter, By Section 4995 it is provided that a warrant of attachment "may issue upon affidavit stating (1) that a cause of action exists against such defendant, specifying the amount of the claim and the grounds thereof; and (2) that the defendant is either a foreign corporation or not a resident of this territory. * * *" This section, not

having been amended in terms, by Chapt. 67, Laws 1895, is not affected by that amendment, unless the provisions of the same are modified or repealed by implication. That repeals by implication are not favored by the courts is too well settled to require the citation of authorities. Section 4993, as amended by the law of 1895, defines the cases in which an attachment may issue. Section 4995 prescribes what the affidavit shall state in order to entitle the plaintiff to a warrant of attachment. It is true that by Section 4993, as amended by the act of 1895, the property of a corporation which has complied with the laws of this state relative to the appointment of agents upon whom service of process may be made is not subject to an attachment. But we cannot say that it was not the intention of the legislature to require the corporation to assume the burden of show-that it had complied with the statute, and to leave the statement required in the affidavit as it formerly stood. This would certainly seem to be the intention from the fact that the legislature did not deem it necessary to amend the latter section. While, under the two sections as they now stand, it may be possible for a plaintiff to obtain in the first instance a warrant of attachment against a corporation that has complied with the statute, yet in view of the serious consequences that might result to such plaintiff by the issuance of a warrant of attachment against a corporation that had in fact complied with the laws, it is hardly to be presumed that he would incur the risk, unless he in good faith believed that the law had not been complied with. We are of the opinion that the provisions of Section 4993, as amended, and Section 4995, are not so inconsistent as to require us to hold that the provisions of 4995 are either repealed or modified. It will be noticed that the appellant did

not allege or attempt to show that the said corporation had in fact complied with the laws of this state relative to the appointment of agents upon whom service of process might be made, and, so far as the record discloses, it does not appear that the corporation had in fact ever complied with the law. After a careful examination of the whole subject, we are inclined to the opinion that the legislature intended to do precisely what it has done,—that is, provide that corporations which have complied with the law should not be subject to attachment,—and that it has imposed the burden upon the corporation to establish that fact. It is therefore sufficient now, as it was prior to the amendment, to state in the affidavit for the warrant of attachment that the defendant is a corporation organized and existing in some other territory, state, government, or country.

With these views of the effect of the amendment of 1895, we do not deem it necessary to discuss at much length the other questions suggested by respondent, namely, that the party seeking to attack the sufficiency of the affidavit on the part of the plaintiff was not in a position to make such an attack, because he has failed to show that he was a subsequent attaching creditor It seems to be the general rule that a junior attaching creditor. to successfully attack a prior defective attachment, must affirmatively show that every step of his own proceeding was regular; and the plaintiff may insist upon strict legal proof of the subsequent lien, and his right to question its validity. 3 Enc. Pl. & Prac. 70, and cases cited. In this case no evidence was introduced in the court below tending to prove the regularity of the proceedings of the junior attaching creditor, except what appears by an affidavit of the attorney in the case, and certain certificates thereto attached. Neither the affidavit up-

on which the warrant was claimed to have been issued, the undertaking on attachment, the warrant of attachment, nor the return of the officer indorsed upon such warrant, was made a part of the moving papers, or introduced in evidence before the court. In the analogous case of Tim v. Smith, 93 N. Y. 87, the court of appeals of New York says: "Proof of a subsequent valid levy upon the same property covered by the prior attachment is a necessary condition to the right of the subsequent creditor to initiate a proceeding to vacate the prior attachment. * * * Until this fact is established by legal evidence he is a mere stranger, having no right to intervene, The opinion of an attorney that a lien has been secured, although put in the form of an affidavit, falls short of the evidence required to establish the jurisdictional fact entitling a general creditor to interfere in the disposition of his debtors property. If, therefore, we are not correct in our first position, that the affidavit upon which the warrant of attachment of plaintiff was issued was sufficient, still the appellant is not in a position to question the regularity of that proceeding, and the court might have very properly denied the motion to discharge the attachment upon that ground.

The appellant insists that the objection that he failed to show that he had acquired a valid subsequent lien upon the property attached in the action of plaintiff was not raised in the court below, and therefore should not be considered by this court. But the appellant has evidently overlooked the fact that it does not affirmatively appear in the record before us that the objection was not made and urged in the court below, and that it does not affirmatively appear that the court below did not deny the motion upon that ground. When an order is

made by the trial court, and it does not affirmatively appear from the order itself upon what grounds the order was made, it is the duty of this court to sustain the court below, if there is any ground disclosed by the record upon which the order could have properly been made. The order denying plaintiff's motion to discharge the attachment is affirmed.

FULLER, J., dissenting.