## SUFFICIENCY OF AFFIDAVIT IN ATTACHMENT AGAINST FOREIGN CORPORATION.

Circuit Court of Cuyahoga County.

THE GOEGBIC BOILER WORKS v. THE INTERNATIONAL GRADING & MACHINE COMPANY.

Decided, May 31, 1910.

*Attachment Against Foreign Corporation.*

Process of attachment can not issue against a foreign corporation unless the affidavit in attachment states that such foreign corporation has not complied with the requirements of Section 148c, Revised Statutes.

*White, Johnson & Cannon,* for plaintiff in error.
*Goulder, Holding & Masten,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Each party hereto is a corporation. The defendant in error —hereinafter spoken of as the plaintiff—brought a civil action in the court of common pleas against the Brown Hoisting Machine Co., plaintiff in error—hereinafter spoken of as the defendant.

The only service which was had upon the defendant, was the constructive service provided by Section 5045, Revised Statutes, and the ground for such service was based upon an affidavit filed in the action upon which an attachment was issued. The defendant appeared in the court for the sole purpose of making its motion to have the attachment and service set aside. The court sustained the motion. To this action of the court error is prosecuted here.

The sole question for consideration is whether the affidavit for attachment justified its being issued.

Each of the facts necessary to justify an attachment are confessedly stated in the affidavit, except the statement as to the corporate character of the defendant. The language of the affidavit in that regard is, "Said defendant the International Grading Machine Co. is a foreign corporation incorporated and existing under and by virtue of the laws of the state of Minnesota."

The attachment was claimed under favor of clause 1 of Section 5521, Revised Statutes, which provides for the issuing of an attachment in a civil action for the recovery of money "when the defendant is a foreign corporation, except as provided by an act, entitled 'an act to further supplement Section 148 of the Revised Statutes' passed May 16th, 1894, and except as provided by an act entitled 'an act to amend Section 1 of an act passed May 19th, 1894.' "

These acts named in the exception are now designated in the Revised Statutes as Section 148c, and Section 148d, respectively.

By Section 148c, it is provided that if a foreign corporation doing business in this state shall make and file with the Secretary of State, a certain statement provided for in the act, it shall not be subject to attachment on the ground that it is a foreign corporation, the language being:

"Every corporation subject to the provisions of this section which complies with its requirements shall not be subject to the process of attachment under Section 5521, Revised Statutes, or any law of Ohio, upon the ground that it is a foreign corporation or a non-resident of this state."

And in Section 148d, this provision is made:

"Provided that such foreign corporations as comply with the provisions of Section 148c, of the Revised Statutes as amended May 16, 1894, shall not be subject to the process of attachment under Section 5521, Revised Statutes, or any law of Ohio upon the ground that it is a foreign corporation or a non-resident of this state."

It will be noticed that the affidavit now under consideration makes no mention of whether the defendant has complied with the requirements of Section 148c, or not, and the contention of the plaintiff in error that no averment in that regard is required; that the filing of the affidavit containing the other proper averments, and then averring that the defendant is a foreign corporation, is all that is required, and that it rests with the defendant to show, upon motion to dismiss, that it comes within the exception.

Counsel for both parties are familiar with and have commented on the case of *The Edwards Manufacturing Co.* v. *The Ashland Sheet Mill Co.,* decided by the Circuit Court of Hamilton County January 25th, 1908, and reported in 11 C.C. (N.S.),

at page 479, where this precise question was passed upon, the holding being as contended for here by the defendant in error.

It is true, as said in brief of counsel for plaintiff in error, that no authorities are given by the court, nor is there any discussion of the reasons for holding as the court did.

In the same case the judge of the common pleas court, though he entered into a lengthy discussion of other questions in the case, contented himself with saying:

"As to whether the plaintiff must not only aver in the affidavit that defendant is a foreign corporation, but must also allege that it is not within the exceptions, we are inclined to think that the rule of strict construction which applies to matters of attachment would require the plaintiff to make such additional averment."

The case of *Bradley* v. *Interstate Land & Canal Co.*, 12 S. D., 28-9, as quoted in brief of plaintiff in error, seems directly in point and to sustain the contention of the plaintiff in error. An examination of the case, however, shows that Section 4995 of the statutes of the state provided that a warrant of attachment "may issue upon affidavit stating that a cause of action exists against the defendant specifying the amount of the claim and the grounds thereof and that the defendant is either a foreign corporation or not a resident of this territory." (The statute having been amended while South Dakota was a territory.)

This section was never in terms amended and was in full force, unless it should be held that such amendment was affected by implication.

Section 4993 was amended in 1895, so as to provide that the property of a corporation, which has complied with the laws of the state relative to the appointment of agents, upon whom service of process may be made, is not subject to attachment.

The court holds that this amendment of Section 4993 did not repeal or amend by implication Section 4995, and that therefore an affidavit containing all the averments required by Section 4995, authorized the issuance of the attachment, without any averment in reference to the provisions of Section 4993, the apparent implication being that if the provisions of Section 4993 were incorporated into Section 4995, the affidavit would have been insufficient.

The argument made by counsel for defendant in error, that the words of Section 148c, that the corporation which complies with the provisions of the section "shall not be subject to *process* of attachment under Section 5521," the same word "process" being in Section 148d, seems to be sound, and that the statute means not simply that the property of the foreign corporation, which had complied with the statute, should not be *held* under attachment, when the fact of such compliance should be made to appear, but that no *process* should be allowed to *issue* against such corporation, thereby subjecting it to the expense and annoyance of getting the property discharged upon a hearing in court, in which the fact that it had complied with the statutes might be shown, this after its property had been taken without any undertaking, with proper sureties to protect it in case the plaintiff was not entitled to the attachment.

In argument and briefs of counsel on both sides, the rule to be applied is likened to the case of indictments for crime in cases where certain acts are declared to be criminal, with exceptions under given conditions.

It is not necessary to determine whether the same rule will govern this matter that would govern in a criminal indictment. We think a fair construction of the section is as though it read that the plaintiff may have an attachment against a defendant which is a foreign corporation which has failed to do the things required by Section 148c, and when so read, an affidavit, to justify an attachment against a foreign corporation, must aver that it is a foreign corporation which has not done these things.

Without stopping to quote from Judge Phillips' work on Code Pleading, we think the rule well stated in Section 339, and that applying that rule the affidavit filed by the plaintiff in this case was insufficient, and the judgment is affirmed.